Caixing Ma (CA Bar No. 323142)
ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

Attorneys for Plaintiff FLUMGIO TECHNOLOGY INC., a California corporation

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLUMGIO TECHNOLOGY, INC., a California corporation;<br><br>Plaintiff,<br><br>vs.<br><br>MGM DISTRIBUTORS, INC., a California corporation; RAJVINDER MAHAY, an individual, and DOES 1 through 10, inclusive.<br><br>Defendants. | Case No. 2:22-at-667<br><br>Assigned to Hon. Judge<br>Courtroom:<br><br>**COMPLAINT FOR DAMAGES:**<br><br>1. **FEDERAL TRADEMARK INFRINGEMENT UNDER 15 U.S.C. §§ 1114;**<br>2. **FEDERAL UNFAIR COMPETITION AND FALSE ADVERTISING UNDER 15 U.S.C. § 1125(a);**<br>3. **COMMON LAW TRADEMARK INFRINGEMENT; and**<br>4. **UNFAIR COMPETITION AND FALSE ADVERTISING UNDER CAL. BUS. & PROF. CODE §§ 17200 AND 17500, *ET SEQ*.**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff FLUMGIO TECHNOLOGY, INC., a California corporation, for causes of action against named Defendants MGM DISTRIBUTORS, INC., a California corporation and RAJVINDER MAHAY, an individual (collectively "DEFENDANTS"), complain and allege as follows:

//

//

//

# THE PARTIES

1. Plaintiff FLUMGIO TECHNOLOGY, INC. ("PLAINTIFF" and/or "FLUMGIO") is a California corporation, located at 14748 Nelson Ave., Unit C, City of Industry, CA 91744.

2. Defendant MGM DISTRIBUTORS INC. ("MGM") is a California corporation, with its principal place of business located at 1600 Raleys Ct, Suite 40, West Sacramento, CA 95691.

3. PLAINTIFF is informed and believes, and thereon alleges, that Defendant RAJVINDER MAHAY ("MAHAY") is at various times mentioned herein is an officer, director or agent of Defendant MGM and a resident of the County of Sacramento.

4. Hereafter, MGM and MAHAY may at times collectively be referred as DEFENDANTS.

5. The true names and capacities, whether individual, corporate, associate, or otherwise, of the defendants named herein as DOES 1 through 25 inclusive, are unknown to PLAINTIFF who therefore sue said defendants by such fictitious names pursuant to the Code of Civil Procedure § 474. PLAINTIFF will amend this Complaint to show their true names and capacities when the same have been ascertained.

6. PLAINTIFF is informed and believe, and thereon allege that at all times relevant to this action each of the DEFENDANTS, including DOES 1 through 25 inclusive, were responsible in some manner for the acts and omissions alleged in this Complaint, and that PLAINTIFF'S damages, both existing and prospective, are, were, and will be proximately caused by the acts and omissions of the DEFENDANTS, including DOES 1 through 25 inclusive.

7. Based upon information and belief, PLAINTIFF alleges there exists, and at all times herein mentioned there existed, a unity of interest and ownership between MAHAY, on the one hand, and MGM on the other hand, such that any

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

individual and separateness between MAHAY, on the one hand, and MGM, on the other hand, have ceased to exist, and MAHAY is the alter ego of MGM in that MGM is, and at all times herein mentioned was a mere shell, instrumentality and conduit through which MAHAY carried on his business and were so inadequately capitalized that, compared with the business to be done by MGM, and the risks of loss, its capitalization was illusory. MAHAY completely controlled, dominated, managed and operated MGM and commingled the assets of each to suit the convenience of MAHAY and to evade payment of the obligations owed to creditors of MGM.

8. Adherence to the fiction of the separate existence of MAHAY, on the one hand, and MGM, on the other hand, would permit an abuse of the corporate privilege and would sanction fraud and promote injustice in that MAHAY have perpetrated fraudulent acts in the names of MGM and never taken the steps to maintain the corporate standing of MGM.

## VENUE AND JURISDICTION

9. This Court has subject matter jurisdiction of this Complaint pursuant to 15 U.S.C. § 1051 *et seq*. (Lanham Act), 28 U.S.C. § 1338(a) (trademark) and 28 U.S.C. § 2201 (Declaratory Judgment Act) because it includes claims for declaratory relief and infringement, including federally registered trademarks.

10. This Court has personal jurisdiction over the parties as they all reside or do business in this judicial district.

11. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c), as DEFENDANTS reside in this judicial district, a substantial part of the events, omissions and acts which are the subject matter of this action occurred within the Central District of California.

## FACTUAL ALLEGATIONS

12. PLAINTIFF is a highly successful company which sells products relating to certain nicotine and vapor delivery system products.

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

13. PLAINTIFF is the owner of rights in the design mark FLUM in connection with electronic cigarette liquid (e-liquid) comprised of flavorings in liquid form, other than essential oils, used to refill electronic cigarette cartridges; electronic cigarette liquid (e-liquid) comprised of propylene glycol; electronic cigarette liquid (e-liquid) comprised of vegetable glycerin; electronic cigarettes; chemical flavorings in liquid form used to refill electronic cigarette cartridges; liquid nicotine solutions for use in electronic cigarettes sold in connection therewith (collectively, "Plaintiff's Goods"), including United States Trademark Registration no. 6692431 filed on April 20, 2021, registered on April 5, 2022, with the first use in commerce date of at least as early as February 9, 2021 (referred to as the registered mark "FLUM").

14. Specifically, PLAINTIFF'S design mark for FLUM is described as a stylized design comprised of the word, FLUM, against a solid rectangle with a small triangle cutout towards the upper right side.



15. PLAINTIFF has continuously used FLUM in commerce in the United States in connection with Plaintiff's Goods since at least as early as February 9, 2021, and is currently using FLUM in United States commerce in connection with Plaintiff's Goods.

16. PLAINTIFF has devoted substantial time, effort, and resources to the development and extensive promotion of FLUM and the products offered

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

4
COMPLAINT

thereunder. As a result of PLAINTIFF's efforts, the public has come to recognize and rely upon FLUM as an indication of the high quality associated with PLAINTIFF'S vaping-related products.

17. As a result of PLAINTIFF'S long-term and widespread use of FLUM in the United States via internet, print advertising, and continuous and unsolicited media coverage, FLUM enjoys a high degree of consumer recognition.

18. PLAINTIFF'S mark FLUM is inherently distinctive.

19. In or around May of 2022, PLAINTIFF obtained a MGM invoice which sold "FLUM RUSSIAN CREAM 3000 PUFFS"; "FLUM HONEYDEW MELON 3000PUFFS"; and "FLUM GUMMY BEAR 10CT".

20. Likewise, PLAINTIFF obtained images of the aforementioned products with the alleged FLUM mark which were sold by MGM:

(photo of a box of Russian Cream Flum Float)



ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

(photo of a box of Gummy Bear Flum Float)



(photo of a box of Honeydew Melon Flum Float)



21. But, PLAINTIFF does not produce products with the Russian Cream, Honeydew Melon, and Gummy Bear flavor (the "Counterfeit Products"), but the products bear the same exact design mark as Flumgio's registered design mark for FLUM. PLAINTIFF never consented and/or authorized DEFENDANTS to use the

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

6
COMPLAINT

FLUM mark. PLAINTIFF never licensed any rights to DEFENDANTS for the use of the FLUM mark. The Counterfeit Products designed, manufactured, sourced, distributed, marketed, promoted, offered for sale, and sold by DEFENDANTS are not manufactured by PLAINTIFF. Nor is DEFENDANT associated, affiliated, or connected with PLAINTIFF, or licensed, authorized, sponsored, endorsed, or approved by PLAINTIFF in any way.

22. As such, the products from MGM are counterfeit products using PLAINTIFF'S registered FLUM mark.

23. PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT is manufacturing, producing marketing, distributing, offering for sale, and selling in interstate commerce vaping products bearing PLAINTIFF'S FLUM mark.

24. As PLAINTIFF'S direct competitor, DEFENDANT is offering the Counterfeit Products to the same consumers as PLAINTIFF and DEFENDANT'S Counterfeit Products are sold next to or near PLAINTIFF'S products in overlapping channels of trade.

25. Given that DEFENDANTS' utilized PLAINTIFF'S FLUM mark down to the same details, DEFENDANT had knowledge of PLAINTIFF'S FLUM mark when it designed, manufactured, distributed, marketed, promoted, offered for sale, and sold the Counterfeit Products. DEFENDANTS intentionally adopted and used the same exact mark, knowing that the FLUM mark would mislead and deceive consumers into believing that DEFENDANT'S vaping products were produced, authorized, or licensed by PLAINTIFF, or that the vaping products originated from PLAINTIFF.

26. PLAINTIFF used its FLUM mark extensively and continuously before DEFENDANT began: (i) using the FLUM mark on vaping products or (ii) designing, manufacturing distributing, marketing, promoting, offereing for sale, and selling the Counterfeit Products.

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

7
COMPLAINT

27. DEFENDANT'S activities are likely to cause confusion before, during and after the time of purchase because purchasers, prospective, purchasers, and other viewing DEFENDANT'S Counterfeit Products at the point of sale or used by a consumer are likely – due to DEFENDANT'S use of confusingly similar imitation of PLAINTIFF'S FLUM mark – to mistakenly attribute the footwear to PLAINTIFF.  By causing a likelihood of confusion, mistake, and deception, DEFENDANT is inflicting irreparable harm on the goodwill symbolized by PLAINTIFF'S FLUM mark and the reputation for quality that it embodies.

28. As a result of PLAINTIFF'S prior rights, in the nature of earlier use dates in commerce in the United States for FLUM, DEFENDANTS' use of the counterfeit products is likely to cause confusion, mistake or deception with respect to the source and origin of goods offered by PLAINTIFF and goods offered by DEFENDANTS under their respective marks, and confusion as to sponsorship, affiliation or relation between PLAINTIFF and DEFENDANTS under 15 § USC 1052(d).

29. If DEFENDANTS are permitted to continue to own FLUM, despite this likelihood of confusion, PLAINTIFF'S rights in and to its mark FLUM in connection with Plaintiff's goods will be impaired and PLAINTIFF will be damaged.

**PLAINTIFF'S CORRESPONDENCE WITH DEFENDANT PRIOR TO FILING THE PRESENT COMPLAINT**

30. On May 18, 2022, PLAINTIFF served to DEFENDANTS with a cease and desist letter, demanding that DEFENDANTS cease the use of PLAINTIFF'S FLUM mark (the "Letter"), mailed via USPS certified mail.

31. The Letter demanded that DEFENDANTS respond to PLAINTIFF'S demands by May 27, 2022.

32. As of today, DEFENDANTS have not provided any response to PLAINTIFF'S Letter.

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

8
COMPLAINT

33. PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT continues to use the FLUM mark in connection with the sale of vaping products that directly compete with vaping products offered by PLAINTIFF. DEFENDANT began selling the Counterfeit Products well after PLAINTIFF established protectable rights in its FLUM mark.

34. On further information and belief, DEFENDANT knowingly, willfully, intentionally, and maliciously adopted and used a confusingly similar imitation of PLAINTIFF'S FLUM mark.

## COUNT I

### (Federal Trademark Infringement Against All Defendants)

35. PLAINTIFF re-alleges and incorporates herein by reference the above paragraphs of this Complaint as if set forth here in full.

36. DEFENDANTS, without authorization from PLAINTIFF, have purportedly used and are purportedly continuing to use spurious designations that are identical, or substantially indistinguishable from PLAINTIFF'S FLUM mark in interstate commerce.

37. The forgoing acts of DEFENDANTS are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that DEFENDANTS' vaping related products are genuine or authorized products of PLAINTIFF, in violation of 15 U.S.C. § 1114.

38. Based upon information and belief, PLAINTIFF alleges that DEFENDANTS have acted with knowledge of PLAINTIFF'S ownership of the FLUM mark and with deliberate intention to unfairly benefit financially from PLAINTIFF'S goodwill use of the mark.

39. Upon information and belief, PLAINTIFF alleges DEFENDANTS intend to continue their infringing act(s), unless restrained by this Court.

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

9
COMPLAINT

40. DEFENDANTS' act(s) has damaged and will continue to damage PLAINTIFF.

41. Defendants' actions constitute knowing, deliberate and willful infringement of Flumgio's federally registered mark FLUM. The knowing and intentional nature of the acts set forth herein renders this an exceptional case under 15 U.S.C. § 117(a).

42. In light of the foregoing, PLAINTIFF is entitled to injunctive relief prohibiting DEFENDANTS from using PLAINTIFF'S FLUM mark or any marks identical and/or confusingly similar thereto for any purpose, and to recover from DEFENDANTS all damages, including profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees, that PLAINTIFF has sustained and will sustain as a result of such infringing act(s), in an amount not yet known, as well as the costs of this action.

## COUNT II

**(Federal Unfair Competition and False Advertising Against all Defendants)**

43. PLAINTIFF re-alleges and incorporates herein by reference the allegations in the proceedings paragraphs of this Complaint as if set forth herein.

44. PLAINTIFF'S FLUM mark is nonfunctional and has an inherently distinctive quality that has achieved a high degree of consumer recognition and serves to identify PLAINTIFF as the source of high quality goods.

45. DEFENDANTS' alleged advertising, distribution, and sale are likely to confuse, mislead, or deceive consumers, the public, and the trade as to the origin, source, sponsorship, or affiliation of said products, and are intended, and are likely to cause such parties to believe in error that the DEFENDANTS' vaping related products have been authorized, sponsored, approved, endorsed or licensed by PLAINTIFF, or that DEFENDANTS are in some way affiliated with PLAINTIFF.

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

10
COMPLAINT

46. DEFENDANTS' use of PLAINTIFF'S FLUM mark is without PLAINTIFF'S permission or authority and is in total disregard of PLAINTIFF'S rights to control its mark.

47. DEFENDANT has made false representations, false descriptions, and false designations of, on or in connection with its goods in violation of 15 U.S.C. § 1125(a).  DEFENDANT'S activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, and, additionally, injure to PLAINTIFF'S goodwill and reputation as symbolized by PLAINTIFF'S FLUM mark, for which PLAINTIFF has no adequate remedy at law.

48. DEFENDANTS' acts have damaged and will continue to damage PLAINTIFF, and PLAINTIFF has no adequate remedy at law.

49. In light of the foregoing, PLAINTIFF is entitled to injunctive relief prohibiting DEFENDANTS from using PLAINTIFF'S FLUM mark, or any marks confusingly similar thereto, and to recover all damages, including attorneys' fees, that PLAINTIFF has sustained and will sustain, and all alleged gains, profits and advantages obtained by DEFENDANTS as a result of their infringing acts alleged above in an amount not yet known, as well as the costs of this action.

50. DEFENDANTS' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with PLAINTIFF'S FLUM mark to the great and irreparable injury of PLAINTIFF.  The knowing, intentional and willful nature of the acts set forth herein renders this an exceptional case under 15 U.S.C. § 1117(a)

## COUNT III

**(Common Law Trademark Infringement Against all Defendants)**

51. PLAINTIFF re-alleges and incorporates herein by reference the allegations in the proceedings paragraphs of this Complaint as if set forth herein.

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

52. DEFENDANTS' acts constitute common law trademark infringement and unfair competition, and have created and will continue to create, unless restrained by this COURT, a likelihood of confusion to the irreparable injury of PLAINTIFF. PLAINTIFF has no adequate remedy at law for this injury.

53. On information and belief, DEFENDANTS acted with full knowledge of PLAINTIFF'S use of, and statutory and common law rights to, PLAINTIFF'S FLUM mark and without regard to the likelihood of confusion of the public, created by DEFENDANTS' activities.

54. DEFENDANTS' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with PLAINTIFF'S FLUM mark to the great and irreparable injury of PLAINTIFF.

55. As a result DEFENDANT'S acts, PLAINTIFF has been damages in an amount yet determined or ascertained. At minimum, however, PLAINTIFF is entitled to injunctive relief, to an accounting of DEFENDANTS' profits, damages, and costs. Further, in light of the deliberate and malicious use of a confusingly similar imitation of PLAINTIFF'S FLUM mark, and the need to deter DEFENDANTS from engaging in similar conduct in the future, PLAINTIFF additionally is entitled to punitive damages.

## COUNT IV

**(California Unfair Competition and False Advertising Against all Defendants)**

56. PLAINTIFF re-alleges and incorporates herein by reference the allegations in the proceedings paragraphs of this Complaint as if set forth herein.

57. PLAINTIFF owns and enjoys common law trademark rights to PLAINTIFF'S FLUM mark in California and throughout the United States.

58. DEFENDANTS' unlawful acts in appropriating rights in PLAINTIFF'S FLUM mark were intended to capitalize on PLAINTIFF'S goodwill associated therewith for DEFENDANTS' own pecuniary gain. PLAINTIFF has expended substantial time, resources and effort to obtain an excellent reputation for

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

12
COMPLAINT

their respective brands. As a result of PLAINTIFF's efforts, DEFENDANTS are now unjustly enriched and are benefiting from property rights that rightfully belong to PLAINTFF.

59. DEFENDANTS' unauthorized use of PLAINTIFF'S FLUM mark has caused and is likely to cause confusion as to the source of DEFENDANTS' products, all to the detriment of PLAINTIFF.

60. DEFENDANTS' acts are willful, deliberate and intended to confuse the public and to injure PLAINTFF.

61. DEFENDANTS' acts constitute unfair competition under California common law.

62. PLAINTIFF has been irreparably harmed and will continue to be irreparably harmed as a result of DEFENDANTS' unlawful acts unless DEFENDANTS are permanently enjoined from their unlawful conduct.

63. The conduct herein complained of was extreme, outrageous, fraudulent, and was inflicted on PLAINTIFF in reckless disregard of PLAINTIFF'S rights. Said conduct was despicable and harmful to PLAINTIFF, and as such supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of the DEFENDANTS and to deter them from similar such conduct in the future.

64. DEFENDANTS' acts have damaged and will continue to damage PLAINTIFF.

65. In light of the foregoing, PLAINTIFF is entitled to injunctive relief prohibiting DEFENDANTS from using PLAINTIFF'S FLUM mark, and to recover all damages, including attorneys' fees, that PLAINTIFF has sustained and will sustain and all gains, profits and advantages obtained by DEFENDANTS as a result of their infringing acts alleged above in an amount not yet known, as well as the costs of this action.

//

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

13
COMPLAINT

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against all DEFENDANTS for all causes of action as follows:

a. That PLAINTIFF be granted injunctive relief under 15 U.S.C. § 1051 et seq.; California Business and Professions Code §§ 17200 and 17500 *et seq.*; and federal law and California common law of contributory trademark infringement and vicarious trademark infringement; specifically, that DEFENDANTS and all of their respective officers, agents, servants, representatives, employees, attorneys, and all other persons acting in concert with them be enjoined from:

   1. Using the FLUM mark, and any mark confusingly similar to the FLUM mark, in connection with electronic cigarette liquid (e-liquid) comprised of flavorings in liquid form, other than essential oils, used to refill electronic cigarette cartridges; electronic cigarette liquid (e-liquid) comprised of propylene glycol; electronic cigarette liquid (e-liquid) comprised of vegetable glycerin; electronic cigarettes; chemical flavorings in liquid form used to refill electronic cigarette cartridges; liquid nicotine solutions for use in electronic cigarettes sold in connection therewith;

   2. Directly or indirectly engage in false advertising or promotions of FLUM products;

   3. Making or inducing others to make any false, misleading or deceptive statement or fact, or representation of fact in connection with the promotion, circulation or distribution of FLUM products by making false representations regarding PLAINTIFF'S products;

b. That DEFENDANT be ordered to cease offering for sale, marketing, and selling and to recall all infringing products, or any goods bearing PLAINTIFF'S FLUM mark or any other confusingly similar imitation of

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

PLAINTIFF'S FLUM mark that are in DEFENDANT'S possession or have been shipped by DEFENDANT or under its authority, to any customer, including but not limited to, any wholesaler, distributor, retailer, consignor, or marketer, and also to deliver to each such store or customer a copy of this Court's order as it relates to sais injunctive relief against DEFENDANT.

c. That DEFENDANTS file, within ten (10) days from entry of an injunction, a declaration with this Court signed under penalty of perjury certifying the manner in which Defendants have complied with the terms of the injunction;

d. That DEFENDANT be ordered to deliver up for impoundment and for destruction, all footwear, bags, boxes, labels, tags, signs, packages, receptacles, advertising, sample books, promotional materials, stationery, or other materials in the possession, custody or under the control of DEFENDANT that are found to adopt, infringe, or dilute any of PLAINTIFF'S trademarks or that otherwise unfairly compete with PLAINTIFF and its products;

e. That DEFENDANT be compelled to account to PLAINTIFF for any and all profits derived by DEFENDANT from the sale or distribution of the infringing products;

f. That PLAINTIFF be awarded all damages caused by the acts forming the basis of this Complaint;

g. That based on DEFENDANT'S knowing and intentional use of a confusingly similar product with PLAINTIFF'S FLUM mark, the damages awarded should be trebled and the award of DEFENDANT'S profits be enhanced as provided for by 15 U.S.C. § 1117(a);

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

15
COMPLAINT

h. That DEFENDANT be required to pay to PLAINTIFF the costs and reasonable attorneys' fees incurred by PLAINTIFF in this action pursuant to 15 U.S.C. § 1117(a) and the state statutes cited in this Complaint;

i. That based on DEFENDANTS' willful and deliberate infringement of PLAINTIFF'S FLUM mark, and to deter such conduct in the future, PLAINTIFF be awarded punitive damages;

j. That PLAINTIFF be granted prejudgment and post judgment interest;

k. That PLAINTIFF be granted such further relief as the Court may deem just

Respectfully submitted,

ARDENT LAW GROUP, PC

Date: June 29, 2022

*/s/ Caixing Ma*
Caixing Ma
Attorneys for Plaintiff FLUMGIO TECHNOLOGY INC., a California corporation

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

16
COMPLAINT

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury as to all claims in this litigation.

Respectfully submitted,

ARDENT LAW GROUP, PC

Date: June 29, 2022

*/s/ Caixing Ma*
Caixing Ma
Attorneys for Plaintiff FLUMGIO TECHNOLOGY INC., a California corporation

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

17
COMPLAINT