1   Hubert Kuo (SBN 204036)
    David Yu (SBN 276471)
2   Caixing Ma (SBN 323142)
    ARDENT LAW GROUP
3   4340 Von Karman Ave., Ste 290
    Newport Beach, CA 92660
    Tel: (949) 299-0188
4   Fax: (949) 299-0127
    Email: hkuo@ardentlawgroup.com
5          dyu@ardentlawgroup.com
           mma@ardentlawgroup.com
6

7   Attorneys for Plaintiff FLUMGIO TECHNOLOGY, INC.

8

9                 **UNITED STATES DISTRICT COURT**

10                **EASTERN DISTRICT OF CALIFORNIA**

11

12  FLUMGIO TECHNOLOGY, INC., a        | Case No. 2:22-cv-1135-KJM-JDP
    California corporation;            | Assigned to:
13                                     | Hon. Judge Kimberly J. Mueller
                    Plaintiff,         | Courtroom: 3
14
          vs.
15                                     | **PLAINTIFF FLUMGIO**
    MGM DISTRIBUTORS, INC., a          | **TECHNOLOGY, INC.'S**
16  California corporation; RAJVINDER  | **APPLICATION FOR DEFAULT**
    MAHAY, an individual, and DOES 1   | **JUDGMENT; MEMORANDUM OF**
17  through 10, inclusive.             | **POINTS AND AUTHORITIES IN**
                                       | **SUPPORT OF DEFAULT**
18                                     | **JUDGMENT BY COURT**
                    Defendants.
19                                     | ***SEPARATELY SUBMITTED***
                                       |  1. **DECLARATION OF YUFAN LI**
20                                     |     **IN SUPPORT FOR APPLICATION**
                                       |     **FOR DEFAULT JUDGMENT**
21                                     |  2. **DECLARATION OF DAVID YU**
                                       |  3. **[PROPOSED] DEFAULT**
22                                     |     **JUDGMENT**

23

24

25

26

27

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

                              i
PLAINTIFF'S MEMORANDUM FOR DEFAULT JUDGMENT BY COURT

28

# **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION……………………………………………………..1

II.   FACTUAL BACKGROUND………………………………………….1

A. Plaintiff's Registered FLUM Design Mark

(Reg. No. 6692431)…………………………………………...1

B. Defendants' Infringement of Plaintiff's Registered Mark…………….2

C. Plaintiff's Correspondence with Defendants Prior to

Filing the Present Complaint……………………………………7

D. Alter Ego Relationship Between Defendants……………………….7

E. Initiation of Action and Defendant's Failure to Respond…………….8

III.  LEGAL ARGUMENT ……………………………………………...9

A. Satisfaction of Procedural Requirements…………………………9

B. Satisfaction of Substantive Legal Standards……………………...10

C. Plaintiff Is Entitled To Entry of Judgment For

Federal Trademark Infringement and False Designation

of Origin Under the Lantham Act, State Common Law

Trademark Infringement, and California Unfair Competition……………11

1.    Alter Ego Liability Against Defendants …………………….13

i.   There Exists a Sufficient Unity of Interest

And Ownership To Support Alter Ego Liability…………….14

ii.  Unless Alter Ego Liability Is Imposed, There

Will be an Unjust And Inequitable Result……………….....15

iii. As a Result of Alter Ego Liability Mahay Is Ultimately

Liable for Trademark Infringement …………………….16

D.    Analysis of the *Eitel* Factors……………………………….16

1.    Prejudice to Plaintiff……………………………………17

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

# **TABLE OF CONTENTS**

**Page**

    2.  Plaintiff's Substantive Claims are Meritorious and

       the Sufficiency of Plaintiff's Complaint……………………………17

    3.  The Sum of Money at Stake in the Action ……………………………18

    4.  The Possibility of a Dispute Concerning Material Facts……………...18

    5.  Whether the Default Was Due to Excusable Neglect…………………19

    6.  Policy Favoring Decisions on The Merits …………………………….20

IV.    REMEDIES…………………………………………………………....21

   A.  Equitable Accounting of Defaulting Defendants'

      Relevant Profits……………………………………………………....21

   B.  Attorney's Fes and Costs ……………………………………………23

   C.  Permanent Injunction ……………………………………………….23

V.    CONCLUSION………………………………………………………24

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

PLAINTIFF'S MEMORANDUM FOR DEFAULT JUDGMENT BY COURT

# TABLE OF AUTHORITIES

**Cases**                                                                                                 **Pages**

*Academy of Motion Pictures v. Creative House Promotions, Inc.*
    944 F.2d. 1446, 1457 (9th Cir. 1991) …………………………………………..12

*Aldabe v. Aldabe*
    616 F.2d 1089, 1092 (9th Cir. 1980)……………………………………………11

*Arista Records, Inc. v. Beker Ent. Inc.*
    *298* F. Supp. 2d 1310, 1311-12 (S.D. Fla. 2003)………………………………11

*Bank of Montreal v. SK Foods, LLC*
    476 B.R. 588, 597 (N.D. Cal. 2012)…………………………………………...13, 14

*Board of Trustee of Cal. Metal Trades v. Pitchmeter Propeller*
    1997 WL 797922, at *2 (N.D. Cal. 1997)…………………………………………18

*Brookfield Communications, Inc. v. West Coast Entm't Corp.*
    174 F.3d 1036, 1047 n. 8 (9th Cir. 1999)………………………………………11

*Century 21 Real Estate Corp. v. Sandlin*
    846 F.2d 1175, 1180 (9th Cir. 1988)……………………………………………24

*Cleary v. News Corp.*
    30 F.3d 1255, 1262-1263 (9th Cir. 1994) ………………………………………11

*Clifton v. Tomb*
    21 F.2d 893, 897 (4th Cir. 1927) ………………………………………………10

*Columbia Pictures Film Production Asia Ltd. v. Utah*
    2007 WL 36283 (E.D. Cal. Jan. 4, 2007) ………………………………………11

*CSC Holdings, Inc. v. Redisi*
    309 F.3d 988, 996 (7th Cir. 2002)………………………………………………22

*Earthquake Sount Corp. Bumper Indus.*
    352 F.3d 1210, 1216 (9th Cir. 2003)……………………………………….....23

*Eitel v. McCool*
    782 F.2d 1470, 1471-1472 (9th Cir. 1986) …………………..16, 17, 18, 19, 20

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

# TABLE OF AUTHORITIES

**Cases**                                                                    **Pages**

*Elektra Enm't Group, Inc. v. Bryant*
No. CV 03-6381, 2004 WL 783123 at *2(C.D. Cal. Feb. 13, 2004)………...11

*Geddes v. United Fin. Group*
559 F.2d 557, 560 (9th Cir. 1977)……………………………………………10

*Gracie v. Gracie*
217 F.3d 1060, 1068 (9th Cir. 2000)………………………………………22

*Green v. K Sportswear, Inc.*
1994 WL 530154, at *1, (E.D. Pa. Sept. 28, 1994) …………………………22

*Hiehle v. Torrance Millworks, Inc.*
(1954) 126 Cal.App.2d 624, 629 ……………………………………………13

*In re Roxford Foods, Inc.*
12 F.3d 875, 879 (9th Cir. 1993)……………………………………………9

*Intel Corp. v. Terabyte Int'l, Inc.*
6 F.3d 614, 620 (9th Cir. 1993)……………………………………………21

*Johnson v Connolly*
2007 U.S. Dist. LEXIS 31721 at*8 (N.D. Cal. Apr. 18, 2007)…………...23

*Kingvision Pay-Per-view, Ltd. v. Rivers*
2000 WL 356378, *1 (N.D. Cal. 2000)………………………………………10

*Levi Strauss & Co. v. Shilon*
121 F.3d 1309, 1314 (9th Cir. 1997)………………………………………24

*Lindy Pen Co., Inc. v. Bic Pen Corp.*
982 F.2d 1400, 1405 (9th Cir. 1993) …………………………………21, 22

*Lorillard Tobacco Co. v. Montrose Wholesale Candies*
2005 WL 3115892, at *16 (N.D. Ill. Nov. 8, 2005)…………………………22

*M2 Software, Inc. v. Madacy Entertainment Corp.*
421 F.3d 1073, 1080 (9th Cir. 2005)………………………………………12

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

# TABLE OF AUTHORITIES

**Cases**                                                                      **Pages**

*McLoughlin v. L. Bloom sons Co., Inc.*
(1962) 206 Cal.App.2d 848, 851…………………………………………………..13

*Mesler v Bragg Management Co.*
(1985) 39 Cal.3d 290, 300…………………………………………………………15

*Most Worshipful Sons v. Sons Etc. Lodge*
(1958) 160 Cal.App.2d 560, 565-566 …………………………………………..13

*Newhouse v. Probert*
608 F. Supp. 978, 985 (W.D. Mich. 1985) …………………………………….10

*Online Partners.com, Inc. v. Atlanticnet Media Corp.*
2000 U.S. Dist. LEXIS 783, at *26 (N.D. Cal. Jan. 18, 2000) ……………….22

*Nike, Inc. v. Top Brand Co.*
2006 WL 2946472, at *1 (S.D.N.Y. Feb. 27, 2006)………………………….22

*PanPacific Sash & Door Co. v. Greendale Park, Inc.*
(1958) 166 Cal.App.2d 652……………………………………………………..13

*PepsiCo, Inc. v. California Security Cans*
238 F.Supp.2d 1172, 1177 (C.D. 2002)………………………………………...20

*Philip Morris v Shalabi*
352 F. Supp.2d 1067, 1072 (C.D. Cal. 2004)………………………………...11

*Philip Morris USA. Inc. v. Castworld Products, Inc.*
219 F.R.D. 494, 498 (C.D. Cal. 2003)………………………….19, 21, 23, 24

*Playboy Enters., Inc. Baccarat Clothing Co.*
692 F.2d 1272, 1274 (9th Cir. 1982)……………………………………………21

*Polo Fashion, Inc. v. Dick Bruhn, Inc.*
793 F.2d 1132, 1135-36…………………………………………………………24

*Reebok Int'l, Ltd. Marnatech Enter., Inc.*
970 F.2d 552, 559 (9th Cir. 1992)………………………………………………22

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

PLAINTIFF'S MEMORANDUM FOR DEFAULT JUDGMENT BY COURT

# TABLE OF AUTHORITIES

1

**Cases**                                                                                              **Pages**

2

3   *Robbins v Blecher,*

4       (1997) 52 Cal.App.4th 886, 892 …………………………………………………..13

5   *Shanghai Automation Instrument Co. v. Kuei,*

6       194 F.Supp.2d 995, 1005 (N.D. Cal. 2001) …………………………………19

7   *Taylor v. Newton*

8       (1953) 117 Cal.App.2d 752, 757 ………………………………………………12

9   *Taylor Made Golf Co. v. Carsten Sports*

10       175 F.R.D. 658, 663 (S.D. Cal. 1997) …………………………………………23

11  *Televideo Sys., Inc. v. Heidenthal*

12       826 F.2d 915, 917-918 (9th Cir. 1987) ………………………………………..10, 17

13  *The Quizno's Corp. v. Makda*

14       2002 WL 32157010, at *2 (N.D. Tex. June 6, 2002)………………………...22

15  *Walters v. Statewide Concrete Barrier, Inc.*

16       2006 WL 2527776, at *4 (N.D. Cal. 2006)……………………………17, 20

17  *Wilson v Moore & Assoc., Inc.*

18       564 F.2d 366, 368 (9th Cir. 1977)…………………………………………..9

19  *Wood v Elling Corp.*

20       (1977) 20 Cal.3d 353, 365, fn.9……………………………………………15

21  *Zoran Corp. v. Chen*

22       (2010)185 Cal.App.4th 799, 811-812 ………………………………………..14

23

## Rules

24

25  Federal Rules of Civil Procedure 54(c)…………………………………………..21

26  Federal Rules of Civil Procedure 55 (a)………………………………………...9

27  Federal Rules of Civil Procedure 55(b)(2)……………………………………9, 11

28

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

PLAINTIFF'S MEMORANDUM FOR DEFAULT JUDGMENT BY COURT

# TABLE OF AUTHORITIES

**Pages**

**Statutes**

15 U.S.C. §1052(d)…………………………………………………………...6

15 U.S.C. §1114 …………………………………………………………11, 12, 23

15 U.S.C. §1114(1)……………………………………………………………12

15 U.S.C. § 1116(a)…………………………………………………………23

15 U.S.C. § 1117(a)…………………………………………………………..21, 23

15 U.S.C. § 1125(c)(5)………………………………………………………23

Servicemembers
        50 U.S.C. app. §§ 501 et seq……………………………………………..9

California Business and Professions Code § 17200…………………………...8, 11

California Business and Professions Code §17500, et seq …………………………..8

**Secondary Sources**

*Schwarzer, W., et al.*, *California Practice Guide*
*Federal Civil Procedure Before Trial*; 6:42 (2000)……………………………...10

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

PLAINTIFF'S MEMORANDUM FOR DEFAULT JUDGMENT BY COURT

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiff FLUMGIO TECHNOLOGY, INC. ("Flumgio" and/or "Plaintiff") hereby respectfully submits this Memorandum of Points and Authorities in support of its application for entry of default judgment against each of defaulted defendants MGM DISTRIBUTORS, INC. ("MGM") and RAJVINDER MAHAY ("Mahay") (collectively, "Defendants") for infringing upon Plaintiff's registered trademark relating to vaping devices.

## II.    FACTUAL BACKGROUND

### A. Plaintiff's Registered FLUM Design Mark (Reg. No. 6692431)

Plaintiff is a highly successful company which sells products relating to certain nicotine and vapor delivery system products. *Complaint* ¶ 12; *Declaration of Yufan Li In Support of Application for Default Judgment* ("*Li Decl.*"), ¶ 3.

Plaintiff is the owner of rights in the design mark FLUM in connection with electronic cigarette liquid (e-liquid) comprised of flavorings in liquid form, other than essential oils, used to refill electronic cigarette cartridges; electronic cigarette liquid (e-liquid) comprised of propylene glycol; electronic cigarette liquid (e-liquid) comprised of vegetable glycerin; electronic cigarettes; chemical flavorings in liquid form used to refill electronic cigarette cartridges; liquid nicotine solutions for use in electronic cigarettes sold in connection therewith (collectively, "Plaintiff's Goods"), including United States Trademark Registration no. 6692431 filed on April 20, 2021, registered on April 5, 2022, with the first use in commerce date of at least as early as February 9, 2021 (referred to as the registered mark "FLUM"). *Complaint* ¶ 13; *Li Decl.*, ¶ 4: Exhibit 1.

Specifically, Plaintiff's design mark for FLUM is described as a stylized design comprised of the word, FLUM, against a solid rectangle with a small triangle cutout towards the upper right side. *Complaint* ¶ 14; *Li Decl.*, ¶ 5.

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

1
PLAINTIFF'S MEMORANDUM FOR DEFAULT JUDGMENT BY COURT

1
2
3
4
5
6
7
8



9      Plaintiff has continuously used FLUM in commerce in the United States in
10   connection with Plaintiff's Goods since at least as early as February 9, 2021, and is
11   currently using FLUM in United States commerce in connection with Plaintiff's
12   Goods.  *Complaint* ¶ 15; *Li Decl.*, ¶ 6: Exhibit 2.
13      Plaintiff has devoted substantial time, effort, and resources to the development
14   and extensive promotion of FLUM and the products offered thereunder.  As a result
15   of Plaintiff's efforts, the public has come to recognize and rely upon FLUM as an
16   indication of the high quality associated with Plaintiff's vaping-related products.
17   *Complaint* ¶ 16; *Li Decl.*, ¶ 7.
18      As a result of Plaintiff's long-term and widespread use of FLUM in the United
19   States via internet, print advertising, and continuous and unsolicited media coverage,
20   FLUM enjoys a high degree of consumer recognition.  *Li Decl.*, ¶ 8.
21      PLAINTIFF'S mark FLUM is inherently distinctive.
22   **B. Defendants' Infringement of Plaintiff's Registered Mark**
23      Defendant MGM is located in West Sacramento, California.  Defendant
24   Rajvinder Mahay is the chief executive officer of MGM and reside in Elk Grove,
25   California.  *Complaint* ¶¶ 2-3; *Yu Decl.*, ¶¶ 16:Exhibit 5.
26      In or around May of 2022, Plaintiff obtained a MGM invoice which sold
27   "FLUM RUSSIAN CREAM 3000 PUFFS"; "FLUM HONEYDEW MELON
28   3000PUFFS"; and "FLUM GUMMY BEAR 10CT".  *Complaint* ¶ 19; *Li Decl.*, ¶ 9.

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

2
PLAINTIFF'S MEMORANDUM FOR DEFAULT JUDGMENT BY COURT

Likewise, Plaintiff obtained images of the aforementioned products with the alleged FLUM mark which were sold by MGM:

(photo of a box of Russian Cream Flum Float)



(photo of a box of Gummy Bear Flum Float)



(photo of a box of Honeydew Melon Flum Float)

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

PLAINTIFF'S MEMORANDUM FOR DEFAULT JUDGMENT BY COURT

*Complaint* ¶ 20; *Li Decl.*, ¶ 10: Exhibit 3.

But, Plaintiff does not produce products with the Russian Cream, Honeydew Melon, and Gummy Bear flavor (the "Counterfeit Products"), but the products bear the same exact design mark as Flumgio's registered design mark for FLUM. Plaintiff never consented and/or authorized Defendants to use the FLUM mark. Plaintiff never licensed any rights to Defendants for the use of the FLUM mark. The Counterfeit Products designed, manufactured, sourced, distributed, marketed, promoted, offered for sale, and sold by Defendants are not manufactured by Plaintiff. Nor is Defendant associated, affiliated, or connected with Plaintiff, or licensed, authorized, sponsored, endorsed, or approved by Plaintiff in any way. *Complaint* ¶ 21; *Li Decl.*, ¶ 11.

As such, the products from MGM are counterfeit products using Plaintiff's registered FLUM mark. *Complaint* ¶ 22; *Li Decl.*, ¶ 12.

Defendant is producing marketing, distributing, offering for sale, and selling in interstate commerce vaping products bearing Plaintiff's FLUM mark. *Complaint* ¶ 23; *Li Decl.*, ¶ 13.

As noted, the design mark used on the counterfeit products are exactly the same as the registered mark by Plaintiff. The counterfeit mark is NOT similar, but

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

4
PLAINTIFF'S MEMORANDUM FOR DEFAULT JUDGMENT BY COURT

exactly the same, down to the unique elongation details within Plaintiff's design FLUM mark.

<u>Plaintiff's Registered Mark (Left)</u>        <u>Defendant's Counterfeit Mark (Right)</u>

 

As Plaintiff's direct competitor, Defendant is offering the Counterfeit Products to the same consumers as Plaintiff and Defendant's Counterfeit Products are sold next to or near Plaintiff's products in overlapping channels of trade. *Complaint* ¶ 24; *Li Decl.*, ¶ 14.

Given that Defendants' utilized Plaintiff's FLUM mark down to the same details, Defendant had knowledge of Plaintiff's FLUM mark when it designed, manufactured, distributed, marketed, promoted, offered for sale, and sold the Counterfeit Products. Defendants intentionally adopted and used the same exact mark, knowing that the FLUM mark would mislead and deceive consumers into believing that Defendant's vaping products were produced, authorized, or licensed by Plaintiff, or that the vaping products originated from Plaintiff. *Complaint* ¶ 25; *Li Decl.*, ¶ 15.

Plaintiff used its FLUM mark extensively and continuously before DEFENDANT began: (i) using the FLUM mark on vaping products or (ii) designing, distributing, marketing, promoting, offering for sale, and selling the Counterfeit Products. *Complaint* ¶ 26; *Li Decl.*, ¶¶ 9-13.

Defendant's activities are likely to cause confusion before, during and after the time of purchase because purchasers, prospective, purchasers, and other viewing Defendant's Counterfeit Products at the point of sale or used by a consumer are

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

5
PLAINTIFF'S MEMORANDUM FOR DEFAULT JUDGMENT BY COURT

likely – due to Defendant's use of confusingly similar imitation of Plaintiff's FLUM mark – to mistakenly attribute the footwear to Plaintiff. By causing a likelihood of confusion, mistake, and deception, Defendant is inflicting irreparable harm on the goodwill symbolized by Plaintiff's FLUM mark and the reputation for quality that it embodies. *Complaint* ¶ 27; *Li Decl.*, ¶¶ 13-14.

It is imperative that Plaintiff polices its own brand and maintain the quality of products associated with the FLUM brand. Throughout the years, Plaintiff built its brand on high quality and stylish vaping products, including the unique design and flavor of the products. As an inherent nature of vaping devices, there are risks in overheating and device failures. These risks are more likely to occur if the manufacturers are the ones without any relevant qualifications and certifications. The risks of products liabilities are much higher in the counterfeit products. *Li Decl.*, ¶ 15.

In addition, distributors of counterfeit products are prone to abandon faulty counterfeit products and more important, abandon the brand associated with the faulty and defective products. Nonetheless, the liability will fall onto the true owner of the brand, despite the owner never authorizing or distributing any of the counterfeit products. Even worse, the consumers will associate the defective products bearing the true owner's mark. In the same way, Defendants' sales of the Counterfeit Products will necessarily undermine and ultimately destroy Plaintiff's image and public confidence in Plaintiff across all channels. *Li Decl.*, ¶ 16.

As a result of Plaintiff's prior rights, in the nature of earlier use dates in commerce in the United States for FLUM, Defendants' use of the counterfeit products is likely to cause confusion, mistake or deception with respect to the source and origin of goods offered by Plaintiff and goods offered by Defendants under their respective marks, and confusion as to sponsorship, affiliation or relation between Plaintiff and Defendants under 15 § USC 1052(d). *Complaint* ¶ 28;

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

6
PLAINTIFF'S MEMORANDUM FOR DEFAULT JUDGMENT BY COURT

If Defendants are permitted to continue to use the FLUM mark, despite this likelihood of confusion, Plaintiff's rights in and to its mark FLUM in connection with Plaintiff's goods will be impaired and Plaintiff will be damaged. *Complaint* ¶ 29.

### C. Plaintiff's Correspondence with Defendants Prior to Filing the Present Complaint

On May 18, 2022, Plaintiff served to Defendants with a cease and desist letter, demanding that Defendants cease the use of Plaintiff's FLUM mark (the "Letter"), mailed via USPS certified mail. *Complaint* ¶ 30. *Declaration of David Yu In Support of Application for Court's Default Judgment* ("*Yu Decl.*"), ¶ 3: Exhibit 4.

The Letter demanded that Defendants respond to Plaintiff's demands by May 27, 2022. Defendants never provided any response to Plaintiff's Letter, within the timeframe provided. *Complaint* ¶¶ 31-32. *Yu Decl.*, ¶ 4.

Defendant continues to use the FLUM mark in connection with the sale of vaping products that directly compete with vaping products offered by Plaintiff. Defendant began selling the Counterfeit Products well after Plaintiff established protectable rights in its FLUM mark. *Complaint* ¶ 33. *Li Decl.*, ¶¶ 3, 5, 9-11.

Defendant knowingly, willfully, intentionally, and maliciously adopted and used a confusingly similar imitation of PLAINTIFF'S FLUM mark. *Complaint* ¶ 34.

### D. Alter Ego Relationship Between Defendants

As alleged in the Complaint, MGM has not been treated as a separate entity such that MGM should be deemed the alter ego of Mahay and Mahay should be deemed the alter ego of MGM. *Complaint* ¶¶ 7-8.

Specifically, there exists a unity of interest and ownership between the MGM and Mahay such that any individuality and separateness between them have ceased and that each defendant is the alter ego of the others. *Complaint* ¶ 7. Mahay, who is the sole and controlling interest owner of MGM, failed to maintain separate corporate existence of MGM. *Complaint* ¶ 7. Mahay carried on his business and

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

was so inadequately capitalized that, compared with the business to be done by MGM, and the risks of loss, its capitalization was illusory. *Complaint* ¶ 7. Mahay completely controlled, dominated, managed and operated MGM and comingled the assets of MGM to suit the convenience of Mahay and to evade payment of the obligations owed to creditors of MGM. *Complaint* ¶ 7.

Adhering to the fiction of the separate existence of MGM and Mahay would permit an abuse of the corporate privilege, sanction fraud, and promote injustice. *Complaint* ¶ 8. Moreover, each of the Defendants was the partner, agent, and/or employee of each of the remaining Defendants and was acting within the purpose and scope of such partnership, agency, and employment. *Complaint* ¶¶ 5-6.

### E. Initiation of Action and Defendant's Failure to Respond

On June 29, 2022, Plaintiff filed its Complaint against Defendants MGM Distributors, Inc. ("MGM") and Rajvinder Mahay ("Mahay") for the following four (4) causes of action: (1) Federal Trademark Infringement; Federal Unfair Competition and False Advertising; (3) Common Law Trademark Infringement; and Unfair Competition and False Advertising Under Cal. Bus. & Prof. Code §§ 17200 and 17500, et seq. *Yu Decl.*, ¶ 5; [Dkt No. 1].

On June 30, 2022, the Court issued the Summons for Plaintiffs' Complaint. *Yu Decl.*, ¶ 6; [Dkt No. 3].

On July 13, 2022, Defendants MGM and Rajvinder Mahay were personally served at 1600 Raleys Ct, Suite 40, West Sacramento, CA 95691 (the "Raleys Address") by leaving the Summons and Complaint with its agent of service of process Rajvinder Mahay. *Yu Decl.*, ¶¶ 7-8; [Dkt No. 12 & 13].

None of the Defendants served Plaintiff with a response, answer or pleading to Plaintiffs' Complaint by August 3, 2022. *Yu Decl.*, ¶¶ 9-10

After filing an Application for Request for Entry of Default against Defendants, on August 17, 2022, the Court entered default against Defendants MGM and Mahay. *Yu Decl.*, ¶¶ 11-12; [Dkt No. 14 & 15].

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

On August 23, 2022, Defendants emailed Plaintiff's attorney David Yu ("Mr. Yu"), directly.  On August 29, 2022 and September 6, 2022, Mr. Yu responded to Defendants' email, but Defendants never responded back, nor did Defendants ever file an Answer to Plaintiff's Complaint.  *Yu Decl.*, ¶ 13: Exhibit 5.

## III.    LEGAL ARGUMENT

### A.    Satisfaction of Procedural Requirements

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise," default judgment may be entered."  Federal Rules of Civil Procedure ("FRCP") 55 (a). FRCP 55(b)(2) establishes certain procedural requirements, which the Plaintiffs have more than satisfied.

Plaintiffs effected service of the Summons and the Complaint on Defendants in or around July 13, 2022.  Each defaulted Defendant failed to respond to the Complaint.  Accordingly, on August 17, 2022, the Clerk entered the default of each of the defaulted Defendants. *Yu Decl. ¶10*. None of the defaulted Defendants have appeared in this action, none have moved to set aside the Clerk's default, and none of the defaulted Defendants are minors or incompetent persons or in the military service or otherwise exempted under the Servicemembers Civil Relief Act of 1940; none of the defaulted Defendants has filed any pending bankruptcy proceeding.  *Yu Decl. ¶¶ 12-13*.

Unless a defendant has made an appearance in an action, a defendant is not entitled to notice of a motion for entry of default judgment.  *FRCP* 55(b)(2); *In re Roxford Foods, Inc.* 12 F.3d 875, 879 (9th Cir. 1993) ("[N]otice [pursuant to Rule 55(b)(2)] is only required where the party has made an appearance."); *Wilson v Moore & Assoc., Inc.,* 564 F.2d 366, 368 (9th Cir. 1977) (affirming trial court's denial of motion to set aside default judgment where defendant did not receive notice of motion; "No party in default is entitled to [FRCP] 55(b)(2) notice unless he has 'appeared' in the action").  Defendants have not appeared in the present action. Thus,

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

9

PLAINTIFF'S MEMORANDUM FOR DEFAULT JUDGMENT BY COURT

defaulted Defendants are not entitled to this notice of this Motion. Nonetheless, Plaintiff will give the defaulted Defendants timely notice of this Motion, by service of this Motion.  By providing such notice, however, Plaintiff does not intend to waive its rights to have the Court rule on this Motion without any appearance by or input from defaulted Defendants.

Defaulted Defendants are also prohibited from opposing or present[ing] evidence in opposition to this Motion.  *Schwarzer, W., et al.*, *California Practice Guide, Federal Civil Procedure Before Trial*; 6:42 (2000) (*citing Clifton v. Tomb,* 21 F.2d 893, 897 (4th Cir. 1927)) ("When a party is in default … the party himself has lost his standing in court, cannot appear in any way, cannot adduce any evidence, and cannot be heard at the final hearing."); *Newhouse v. Probert,* 608 F. Supp. 978, 985 (W.D. Mich. 1985) (*citing Clifton,* 21 F.2d at 897 (4th Cir. 1927)).

Based on the now established allegations of the Complaint and the Declarations of David Yu and Yufan Li, and the other evidence submitted herewith, Plaintiff has satisfied the procedural conditions of Rule 55(b).  As now discussed, Plaintiff satisfies the substantive requirements for entry of default judgment as well.

**B.    Satisfaction of Substantive Legal Standards**

For purposes of a default judgment, the well-plead allegations of the complaint are taken as true. *Televideo Sys., Inc. v. Heidenthal,* 826 F.2d 915, 917-918 (9th Cir. 1987); *see also Kingvision Pay-Per-view, Ltd. v. Rivers,* 2000 WL 356378, *1 (N.D. Cal. 2000) ("Generally, upon an entry of default, the factual allegations of the plaintiff's complaint will be taken as true.".  If the court determines that a defendant is in default, the defendants liability is collectively established and the factual allegations in the complaint, except those relating to the *amount* of damages, are accepted as true. *Geddes v. United Fin. Group,* 559 F.2d 557, 560 (9th Cir. 1977) (emphasis added).

Where the factual allegations of the complaint provide a sufficient legal basis for entry of a default judgment, the court then conducts an inquiry to ascertain the

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

PLAINTIFF'S MEMORANDUM FOR DEFAULT JUDGMENT BY COURT

amount of damages. *See Columbia Pictures Film Production Asia Ltd. v. Utah,* 2007 WL 36283 (E.D. Cal. Jan. 4, 2007); *see also Arista Records, Inc. v. Beker Ent. Inc., 298* F. Supp. 2d 1310, 1311-12 (S.D. Fla. 2003).  The power to grant or deny relief upon an application for default judgment is within the discretion of the Court. *Aldabe v. Aldabe,* 616 F.2d 1089, 1092 (9th Cir. 1980).  However, "default judgments are more often granted than denied." *Elektra Enm't Group, Inc. v. Bryant*, No. CV 03-6381, 2004 WL 783123 at *2(C.D. Cal. Feb. 13, 2004).  In determining damages, the Court can properly rely on declarations submitted by the plaintiff.  F.R.C.P. 55(b)(2).

C.    **Plaintiff Is Entitled To Entry of Judgment For Federal Trademark Infringement and False Designation of Origin Under the Lantham Act, State Common Law Trademark Infringement, and California Unfair Competition**

Plaintiff's first two claims are for trademark infringement and false designation of origin under the Lanham Act.  15 U.S.C. §§ 1114, 1125.  In the present case, as in many trademark infringement cases, the essential elements of these two federal claims are identical.  *Brookfield Communications, Inc. v. West Coast Entm't Corp.*, 174 F.3d 1036, 1047 n. 8 (9th Cir. 1999) (noting that infringement and false designation of origin claims are often identical, except that false designation of origin claims protect both registered and unregistered trademarks and can protect a wider range of practices, such as false advertising).  Further, the federal claims, if met with adequate evidence, are also sufficient to establish Defendants liability under the state law for unfair competition.  *Cleary v. News Corp.*, 30 F.3d 1255, 1262-1263 (9th Cir. 1994) ("This Circuit has consistently held that state common law claims of unfair competition and actions pursuant to California Business and Professions Code $ 17200 are 'substantially congruent' to claims made under the Lanham Act."); *Philip Morris v Shalabi*, 352 F. Supp.2d 1067, 1072 (C.D. Cal. 2004) (noting the identity between the essential elements and

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

11
PLAINTIFF'S MEMORANDUM FOR DEFAULT JUDGMENT BY COURT

standard applied to three distinct claims of federal trademark infringement, federal false designation of origin, and state unfair competition).

Therefore, as these three claims, the Court need only focus on the legal merits of the claim for federal trademark infringement.  Analyzing the merits of the infringement claim is sufficient because the standard of infringement, i.e., the likelihood of confusion, is essentially implicated in the remaining federal and state cause of action.  *M2 Software, Inc. v. Madacy Entertainment Corp.*, 421 F.3d 1073, 1080 (9th Cir. 2005) ("The test of trademark infringement under state, federal, and common law is whether there will be a likelihood of confusion."); *see also Academy of Motion Pictures v. Creative House Promotions, Inc.*, 944 F.2d. 1446, 1457 (9th Cir. 1991) (holding that under both federal trademark infringement and state unfair competition statutes, the "ultimate test" is whether a likelihood of confusion exists) (internal quotations omitted).

To prove a claim of trademark infringement under 15 U.S.C. §1114, a plaintiff must show that: (1) it owns the trademark at issue; (2) the defendant has used in commerce, without authorization, a copy, reproduction counterfeit or colorable imitation of the plaintiff's mark in connection with the sale, distribution, or advertising of goods and services; and (3) defendants' use of the mark is likely to cause confusion or to cause mistake or to deceive.  15 U.S.C. §1114(1).  Here, Plaintiff alleges all of the facts necessary to establish trademark infringement by defaulting Defendants.  Plaintiff owns the FLUM registered design mark which has been continually used for products relating to vaping.  *Li Decl.*, ¶¶ 3-5: **Exhibit 1;** Complaint, ¶¶ 13-15.  Each of the defaulting Defendants has used Plaintiff's mark or variations of them without authorization, down to the very last detail of the FLUM design mark.  *Li Decl.*, ¶¶ 9-14: **Exhibit 3;** Complaint, ¶¶ 19-22.  Furthermore, defaulting Defendants' use of Flumgio's mark is "likely to cause confusion before, during and after the time of purchase because purchasers, prospective purchasers, and other viewing Defendants' Counterfeit Products at the point of sale or used by a

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

12
PLAINTIFF'S MEMORANDUM FOR DEFAULT JUDGMENT BY COURT

consumer are likely … to mistakenly attribute the [product]*sic* to Plaintiff." *Li Decl.*, ¶ 17; Complaint, ¶ 27. Given the factual allegations alleged in Plaintiff's Complaint as true, this Court should find that Plaintiff has established claims for trademark infringement, false designation, common law trademark infringement, and California unfair competition.

### 1. Alter Ego Liability Against Defendants

"Ordinarily, a corporation is regarded as a legal entity separate and distinct from its stockholders, officers and directors." *Robbins v Blecher,* (1997) 52 Cal.App.4th 886, 892. "Under the alter ego doctrine, …, a court may disregard the corporate entity." *Id.* at 892.

The purpose behind the alter ego doctrine is to prevent defendants who are the alter egos of a sham corporation from escaping personal liability for its debts. *Hiehle v. Torrance Millworks, Inc.* (1954) 126 Cal.App.2d 624, 629. The devise of disregarding the corporate entity is applicable whether the alter ego is an individual or corporation. *McLoughlin v. L. Bloom sons Co., Inc.* (1962) 206 Cal.App.2d 848, 851; *see also, PanPacific Sash & Door Co. v. Greendale Park, Inc.* (1958) 166 Cal.App.2d 652.

A claim against a defendant, based on the alter ego theory, is not itself a claim for substantive relief, e.g., breach of contract or to set aside a fraudulent conveyance, but rather, procedural, i.e., to disregard the corporate entity as a distinct defendant and to hold the alter ego individuals liable on the obligations of the corporation where the corporate form is being used by the individuals to escape personal liability, sanction a fraud, or promote injustice. *Taylor v. Newton* (1953) 117 Cal.App.2d 752, 757; *Most Worshipful Sons v. Sons Etc. Lodge* (1958) 160 Cal.App.2d 560, 565-566.

To establish a party as the alter ego of a corporation, the applicant must show '(1) that there [is] such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist and (2) that, if the acts are treated as those of the corporation alone, an inequitable result will follow.'" *Bank of*

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

13
PLAINTIFF'S MEMORANDUM FOR DEFAULT JUDGMENT BY COURT

1   *Montreal v. SK Foods, LLC*, 476 B.R. 588, 597 (N.D. Cal. 2012).  Both factors are

2   necessary for a Court to impose alter ego liability.  *Id.*

3         The misdeed need not be fraud: the "second requirement turns on an

4   inequitable result and not on actual fraud."  *Linco Servs., Inc. v. DuPont*, 239

5   Cal.App.2d 841, 844.

6         There is a unity of interest between Mahay, and MGM such that the separate

7   personalities of MGM and Mahay no longer exist because Mahay stated that he is the

8   owner of MGM.  If the acts of Mahay were treated solely as MGM, an inequitable

9   result will result, as it is unclear as to whether MGM is still in business or not.  It is

10  likely that MGM is judgment proof.

### i.  There Exists a Sufficient Unity of Interest And Ownership To Support Alter Ego Liability

13        In the evaluation of the first factor, courts consider whether: (i) the individual

14  owns all of the stock in a corporation; (ii) the individual uses the same office or

15  business location; (iii) the individual has commingled funds and other assets of the

16  corporation; (iv) the individual holds themselves out as personally liable for debts of

17  the corporation; (v) there are identical directors and officers/managers; (vi) there has

18  been a failure to maintain minutes or adequate corporate record; (vii) there has been a

19  disregard of corporate formalities; (viii) there is an absence of corporate assets and

20  inadequate capitalization; and (ix) the corporation has been used as a mere shell,

21  instrumentality or conduit for the business of an individual.  *Zoran Corp. v. Chen*

22  (2010) 185 Cal.App.4th 799, 811-812.  This list is not exhaustive, and these

23  enumerated factors may be considered with others under the particular circumstances

24  of each case.  *Id.* at 812 (stating, "No single factor is determinative, and instead a

25  court must examine all the circumstances to determine whether to apply the

26  doctrine.)

27        Here, there are ample grounds to impose alter ego liability against Mahay.

28  The MGM is owned, controlled and operated by Mahay (i.e. common ownership and

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

14
PLAINTIFF'S MEMORANDUM FOR DEFAULT JUDGMENT BY COURT

control).  Likewise, Mahay is the directors and/or officer of MGM.  Mahay has failed to provide to Plaintiffs any of the necessary corporate documents for MGM (i.e. failure to maintain corporate record).  Complaint, ¶ 3, 7; *Yu Decl.*, ¶ 16: Exhibit 6.

Moreover, the Complaint includes the following allegations, which are deemed true by operation of law as a result of Defendants defaults: (i) Mahay is the partner, agent, and/or employee of MGM, and was at all times acting within the purpose and scope of such partnership, agency and employment.; (ii) there exist a unity of interest and ownership between Defendant Mahay, on the one hand, and MGM, on the other hand, such that any individual separateness between Mahay, on the one hand, and MGM, on the other hand, have cease to exist and Defendant Mahay is the alter ego of MGM;  (iii) MGM is the shell, instrumentality and conduit through which Mahay carried on his business and was so inadequately capitalized that, compared with the business to be done by MGM, and the risks of loss, its capitalization was illusory; and (iv) Mahay completely controlled, dominated, managed and operated MGM and commingled the assets of each to suit the convenience of Mahay and to evade payment of the obligations owed to creditors of MGM.  Complaint, ¶¶ 6-8.

Based on the foregoing, there is sufficient unity of interest and ownership between each of the Defendants such that the separate personalities of Defendants no longer exists.

### ii.  Unless Alter Ego Liability Is Imposed, There Will be an Unjust And Inequitable Result.

The second requirement for application of alter ego doctrine is a finding that adherence to the fiction of the separate existence of the corporation would sanction a fraud or promote injustice.  *Wood v Elling Corp.* (1977) 20 Cal.3d 353, 365, fn.9. The test for this requirement is that if the acts are treated as those of the corporation alone, it will produce an unjust or inequitable result.  *Mesler v Bragg Management Co.* (1985) 39 Cal.3d 290, 300.

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

15
PLAINTIFF'S MEMORANDUM FOR DEFAULT JUDGMENT BY COURT

As alleged in the Complaint, whose allegations are deemed to be true, adhering to the fiction of the separate existence of MGM and from Mahay "would permit an abuse of the corporate privilege, sanction fraud, and promote injustice." Complaint ¶ 8. Defendant MGM previously filed a Statement of Information No Chang on March 30, 2021. *Yu Decl.*, ¶ 16: Exhibit 6. MGM failed to file a Statement of Information in 2022. *Yu Decl.*, ¶ 17. As of today, MGM has not filed an updated Statement of Information with the California Secretary of State. *Yu Decl.*, ¶ 18: Exhibit 7. This indicates that MGM may no longer be an operating corporation. *Yu Decl.*, ¶ 19. If Plaintiff was permitted a judgment only against MGM, it would be uncollectable as these companies were purposefully left without sufficient cash flow or assets for themselves. Allowing Mahay, who used his company as a shell and profited from its abuse of the corporate form, to escape liability would constitute an abuse of the corporate privilege, sanction fraud, and promote injustice.

### iii. As a Result of Alter Ego Liability Mahay Is Ultimately Liable for Trademark Infringement.

As each of the Defendants is the alter ego of the others, Mahay should be liable to MGM's obligations to Plaintiffs. As set forth above, MGM infringed upon Flumgio's registered trademark, by selling counterfeit goods with the FLUM design mark. As a result of the alter ego liability, Plaintiff is entitled to judgment against each of the Defendants on trademark infringement claims.

### D. Analysis of the *Eitel* Factors

The Ninth Circuit has enumerated several factors the Court should consider in deciding whether to grant an application for default judgment: the possibility of prejudice to the plaintiff, the merits of the plaintiff's substantive claim, the sufficiency of the complaint, the sum of money at stake in the action, the possibility of a dispute concerning material facts, whether the default was due to excusable neglect, and the strong policy underlying the Federal Rules of Civil Procedure

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

16
PLAINTIFF'S MEMORANDUM FOR DEFAULT JUDGMENT BY COURT

favoring decisions on the merits.  *Eitel v. McCool*, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).  In considering the above factors, the Court takes all factual allegations in the Complaint as true, except for those relating to the damages.  *See TeleVideo Systems, Inc. v Heidenthal*, 826 F.2d 915, 917-918 (9th Cir. 1987).

Application of the facts in this matter to the *Eitel* factors warrant entry of a default judgment in favor of Plaintiff.

### 1.  Prejudice to Plaintiff

Under the first *Eitel* factor, the Court must first examine whether Plaintiff will suffer prejudice if default judgment is not granted.  *Eitel, supra*, 782 F.2d at 1471-1472.

In light of the fact that the Defendants in this case have not defended themselves in this action or otherwise responded to Plaintiff's Complaint, absent a default judgment, Plaintiff will not be compensated for its losses and will accordingly be prejudiced.  Moreover, if this Court does not enter a default judgment against Defendants, in light of their failure to defend this action, it will set a precedent effectively allowing trademark infringers to infringe upon an owner's mark and reap the benefit of other's goodwill, the rightful owners of the marks, who expend sufficient funds for marketing and promotion, suffer damages from the infringing parties, and further harm Plaintiff by precluding it any ability to enforce its rights and try to collect on a default.  Accordingly, this first *Eitel* factor, the possibility of prejudice to the Plaintiff, weighs in favor of granting a default judgment.

### 2.  Plaintiff's Substantive Claims are Meritorious and the Sufficiency of Plaintiff's Complaint

The second *Eitel* factors addresses the sufficiency of Plaintiff's complaint and the probability of its success on the merits of its underlying claims.  Walters v. Statewide Concrete Barrier, Inc., 2006 WL 2527776, at *4 (N.D. Cal. 2006) ("A party seeking default judgment must state a valid claim upon which it may recover.")

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

17
PLAINTIFF'S MEMORANDUM FOR DEFAULT JUDGMENT BY COURT

This factor weighs in favor of granting a default judgment in favor of Plaintiff and against Defendants.

Plaintiff has alleged four (4) causes of action in its Complaint against Defendants, where Plaintiff seeks default judgment on the following four: (1) Federal Trademark Infringement; (2) Federal Unfair Competition and False Designation; (3) Common Law Trademark Infringement; and (4) California Unfair Competition and False Advertising. There is no question that Plaintiff has properly alleged and shown its registered trademark and identified the counterfeit products that Defendants have sold. Plaintiff has properly alleged trademark infringement against Defendants. The claims are meritorious and sufficient.

### 3. The Sum of Money at Stake in the Action

The third *Eitel* factor assesses the reasonableness of the potential award if a default judgment is entered against the defaulting Defendants. In making this assessment, the Court must take into account the amount of money at stake in relation to the seriousness of the defendant's conduct. *Eitel, supra*, 782 F.2d at 1471. If the sum of money at issue is reasonably proportionate to the harm caused by the defendant's actions, properly documented and contractually justified, then default judgment is warranted. *Board of Trustee of Cal. Metal Trades v. Pitchmeter Propeller*, 1997 WL 797922, at *2 (N.D. Cal. 1997).

At this time, Plaintiff does not have a proper accounting of its damages from Defendants. It is Plaintiff's understanding that Defendants are not large distributors of vaping products, and thus, do not expect the damages to be excessive. The sum of money will likely be relatively modest and reasonably calculated based on infringing products at issue, as well as the attorneys' fees. The Court should find that this factor is in favor of Plaintiff.

### 4. The Possibility of a Dispute Concerning Material Facts

The fourth Eitel factor considers the possibility of dispute as to any material facts of the case. As defaulting Defendants have not filed any response(s) to

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

18
PLAINTIFF'S MEMORANDUM FOR DEFAULT JUDGMENT BY COURT

Plaintiff's Complaint, a dispute concerning material facts is unlikely. Further as discovered above, Plaintiff has sufficiently alleged facts necessary to maintain its claim for relief under the Lanham Act and California law.

Here, the issue that Defendant has infringed upon Plaintiff's registered mark is undisputed. Defendants' counterfeit products bear the same mark as Plaintiff's registered mark, down to the very last detail. Plaintiff has verified that it does not sell the products nor have they authorized Defendants to use their mark. *Li Decl.*, ¶ 11.

The Defendants might somehow contend, as a defense, that they had some justification for selling products infringing upon Plaintiff's registered trademark. But, the Defendants never appeared and defended on the merits so no such imaginary defense has ever been asserted. The Defendants refuse to appear and defend likely because they know, understand, and appreciate that they lack any legitimate or honest good faith defense to Plaintiff's claims. Even without Defendants' testimony, the fact remains that Defendants' products are counterfeit and the marks infringe upon Plaintiff's registered mark. Moreover, the fact that they were issued a cease and desist letter prior to the start of litigation and yet, still continue to sell the infringing products, only demonstrate that Defendants knowingly continue to sell the counterfeit products. These are undisputed facts.

### 5. Whether the Default Was Due to Excusable Neglect

The fifth *Eitel* factor contemplates the possibility that defaulting Defendants' failure to respond or otherwise appear was the result of excusable neglect. Under this analysis, the Court considers whether Defendants were put on adequate notice to apprise them of the pendency of the action brought against them. *Castworld Products,* 219 F.R.D. at p. 500. In addition, the Court also considers whether the circumstances surrounding Defendants' failure to answer the complaint are sufficient to excuse or justify its default. *Shanghai Automation Instrument Co. v. Kuei*, 194 F.Supp.2d 995, 1005 (N.D. Cal. 2001) (default cannot be attributed to excusable

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

19
PLAINTIFF'S MEMORANDUM FOR DEFAULT JUDGMENT BY COURT

neglect where defendants were properly served with the complaint, the notice of entry of default, and the papers in support thereof).

There is no evidence that there is any excusable neglect by Defendants MGM and/or Mahay.  Moreover, it appears that MGM has failed to file a current Statement of Information and may in fact be suspended by the California Secretary of State.  *Yu Decl.*, ¶ 16: Exhibit 6.

More importantly, Defendants have contacted Plaintiff as to receipt of the Summons and Complaint.  Defendants are aware of this case and yet, have refused to file an Answer to the Complaint.  *Yu Decl.*, ¶ 13: Exhibit 5.  Defendants were served with the Application for Entry of Default Against Defendants.  *Yu Decl.*, ¶ 11 [Dkt No. 14].  Plaintiff will serve, via U.S.P.S first class mail, Defendants with this Application for Default Judgment, along with all supporting documents and exhibits. *Yu Decl.*, ¶ 20.

### 6.  Policy Favoring Decisions on The Merits

Under the sixth and final *Eitel* factor, the Court must consider the strong policy of the federal courts in favoring decisions on the merits.  However, this policy is not dispositive; rather the Court still has great latitude in exercising its discretion with regards to the relative weight of the remaining *Eitel* factors.  *PepsiCo, Inc. v. California Security Cans*, 238 F.Supp.2d 1172, 1177 (C.D. 2002).  Furthermore, the "defendant's failure to answer the plaintiff's complaint makes decision on the merits of a case impractical, if not impossible."  Id.  As a consequence, the policy of favoring decisions on the merits does not necessarily preclude a court from granting a default judgment when the defendant fails to respond.  *Walters*, 2006 WL 2527776, at *6.

While it is correct that there is a policy favoring decisions on the merits, it pre-supposes both parties cooperating and appearing.  Defendants have refused to participate in the proceedings brought against them, despite adequate notice and

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

20
PLAINTIFF'S MEMORANDUM FOR DEFAULT JUDGMENT BY COURT

opportunity to do so. Where the parties do not answer or otherwise refuse to appear and address the litigation, the only fair approach is to enter the default judgment.

## IV.    REMEDIES

Plaintiff is required to prove all damages sought in the Complaint. FRCP 54(c); *see also Philip Morris USA. Inc. v. Castworld Products, Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003). In determining damages, a court can rely on the declarations submitted by plaintiff or order a full evidentiary hearing. *F.R.C.P.* 55 (b)(2). Plaintiff's burden in "proving up" damages in a default application is relatively flexible. *See Philip Morris*, 219 F.R.D. at 498. In this instance, Plaintiff seeks an accounting for damages for infringement, reasonable attorney's fees, costs, along with a permanent injunction.

### A.    Equitable Accounting of Defaulting Defendants' Relevant Profits

"Section 35 of the Lanham Act, 15 U.S.C. § 1117(a), governs the award of monetary remedies in trademark infringement cases and provides for an award of defendant's profits, any damages sustained by the plaintiff, and the costs of the action." *Lindy Pen Co., Inc. v. Bic Pen Corp.*, 982 F.2d 1400, 1405 (9th Cir. 1993). Thus, an award of defaulting Defendants' profits is available to Plaintiff. However to recover damages, "plaintiff must prove both the fact and amount of damage." *Id.* at 1407; *see also Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 620 (9th Cir. 1993). As discussed more fully below, Plaintiff seeks an equitable accounting of Defendants' profits so that it may determine the amount of damages. Such relief is authorized by the Lantham Act and equity and is entirely appropriate and necessary here.

Courts regularly authorize accounting and disgorgement of an infringer's relevant profits under section 1117(a) as a measure of a trademark plaintiff's damages, especially when the infringements, as here, were willful. Indeed the Ninth Circuit Court of Appeals "has announced a deterrence policy in response to trademark infringement and will grant an account of profits in those cases where infringement yields financial rewards." *Playboy Enters., Inc. Baccarat Clothing Co.*

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

21
PLAINTIFF'S MEMORANDUM FOR DEFAULT JUDGMENT BY COURT

692 F.2d 1272, 1274 (9th Cir. 1982); *see also Gracie v. Gracie*, 217 F.3d 1060, 1068 (9th Cir. 2000); *Lindy Pen Co. v. Bic Pen Co.*, 982 F.2d 1400, 1406 (9th Cir. 1993); *Reebok Int'l, Ltd. Marnatech Enter., Inc.*, 970 F.2d 552, 559 (9th Cir. 1992). Moreover, an equitable accounting is an appropriate remedy ordered as part of a default judgment. *See, e.g. The Quizno's Corp. v. Makda*, 2002 WL 32157010, at *2 (N.D. Tex. June 6, 2002); *Green v. K Sportswear, Inc.*, 1994 WL 530154, at *1, (E.D. Pa. Sept. 28, 1994) ("The court granted plaintiffs' trademarks, logo and copyrighted designs and ordered defendants to provide an accounting of the profits derived from their distribution of infringing apparel."); *see also Nike, Inc. v. Top Brand Co.*, 2006 WL 2946472, at *1 (S.D.N.Y. Feb. 27, 2006) (noting that the district court ordered accounting of profits when he granted default judgment.)

Further pursuant to their inherent authority, courts may provisionally prohibit the transfer of a trademark defendant's relevant assets, to ensure that assets are available to satisfy the judgment. *Reebok, supra*, 970 F.2d at p. 559. "Because the Lanham Act authorizes the district court to grant … an accounting of … profits as a form of final equitable relief, the district court had the inherent power to freeze [relevant] assets in order to ensure the availability of that final relief." *Reebok, supra*, 970 F.2d at p. 559; *see also Lorillard Tobacco Co. v. Montrose Wholesale Candies*, 2005 WL 3115892, at *16 (N.D. Ill. Nov. 8, 2005); *CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 996 (7th Cir. 2002). Courts also have authority to impose a constructive trust over a trademark defendant's assets. *See Online Partners.com, Inc. v. Atlanticnet Media Corp.*, 2000 U.S. Dist. LEXIS 783, at *26 (N.D. Cal. Jan. 18, 2000).

The Complaint expressly includes a claim for accounting of Defendants' profits, and such relief is appropriate here. Defendants wrongfully used Plaintiff's mark to increase its sales at the expense of Plaintiff. While Plaintiff is unable to determine the reasonableness of any specific damages amount at this time, Plaintiff

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

PLAINTIFF'S MEMORANDUM FOR DEFAULT JUDGMENT BY COURT

asks the Court to grant default judgment and permit Plaintiff the opportunity to brief the specific amount of damages after receiving a full accounting.

### B.    Attorney's Fes and Costs

Under 15 U.S.C. §§ 1117(a) and 1125(c)(5), the Court in exceptional trademark infringement cases may award reasonable attorney fees and costs to the prevailing party.  A trademark case is exceptional where the defendant acted maliciously, fraudulently, deliberately, or willfully.  *Earthquake Sount Corp. Bumper Indus.*, 352 F.3d 1210, 1216 (9th Cir. 2003).  On a motion for default judgment, allegations of willfulness are deemed true and, further, a trademark defendant's failure to appear alone warrants a finding that the case is "exceptional" for the purpose of determining entitlement to attorneys' fees.  *See, e.g., Philip Morris USA, Inc. v. Castworld Prods.*, 219 F.R.D. 494, 502 (C.D. Cal. 2003); *Taylor Made Golf Co. v. Carsten Sports*, 175 F.R.D. 658, 663 (S.D. Cal. 1997); *Johnson v Connolly*, 2007 U.S. Dist. LEXIS 31721 at*8 (N.D. Cal. Apr. 18, 2007).

Accordingly, the Court should find the present case is exceptional based both on the allegations of defaulting Defendants knowingly, willfully, intentionally, and maliciously used imitations or variations of Plaintiff's marks, and their apparent disregard of the proceedings in this Court.  Complaint ¶ 34, 41.  Thus, an award of attorney's fees and costs is justified.  Accordingly, under section 1117 (a) and the authorities cited above, Plaintiff is entitled to recover reasonable attorneys' fees from Defendants.  Furthermore, section 1117(a) provides that prevailing trademark plaintiffs such as Flumgio "shall be entitled" to recover its costs.  This Court should permit Plaintiff to submit documentation so that it may substantiate the reasonableness of attorney's fees and costs.

### C.    Permanent Injunction

Under the Lanham Act, the Court may grant an injunction "according to principles of equity" to remedy violations of a trademark owner's rights under §§ 1114 and 1125, and to prevent the recurrence of such violations 15 U.S.C. § 1116(a).

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

23
PLAINTIFF'S MEMORANDUM FOR DEFAULT JUDGMENT BY COURT

1   Indeed, "[i]njunctive relief is the remedy of choice for trademark and unfair

2   competition cases, since there is no other adequate remedy at law for the injury

3   caused by a defendant's continuing infringement." *Century 21 Real Estate Corp. v.*

4   *Sandlin*, 846 F.2d 1175, 1180 (9th Cir. 1988).  Moreover, to be entitled to a

5   permanent injunction, Plaintiff is not required to show that Defendants "are likely to

6   infringe again." *Polo Fashion, Inc. v. Dick Bruhn, Inc.*, 793 F.2d 1132, 1135-36; see

7   also *Levi Strauss & Co. v. Shilon*, 121 F.3d 1309, 1314 (9th Cir. 1997).  "If the

8   defendants sincerely intend not to infringe, the injunction harms them little; if they

9   do, it gives [Plaintiff] substantial protection of its trademark." *Polo Fashions, supra*,

10  793 F.2d 1132, at 1136.

11          Furthermore, injunctive relief is available in the default judgment setting.

12  *Philip Morris USA, Inc*, 219 F.R.D. 494. at p. 502.

13          Here, Plaintiffs' Complaint specifically alleges that Defendants' actions cause

14  it irreparable harm and unless enjoined from using Plaintiff's mark will continue to

15  do so.  *Complaint*, ¶ 37, 42.  Considering that defaulting Defendants are aware of the

16  serious claims brought against them and have chosen not to respond, the Court

17  should find that the proposed injunctive relief is appropriate and failure to grant the

18  injunction would expose Plaintiff to the risk of continuing irreparable harm.

19  **V.    CONCLUSION**

20          For the foregoing reasons, Plaintiff respectfully requests a default judgment

21  against Defendants.

22

23                                          Respectfully Submitted,

24  Dated: January 13, 2023          ARDENT LAW GROUP, P.C.

25                             By:   */s/ David Yu*

26                                   Hubert H. Kuo
                                     David Yu
27                                   Caixing Ma
                                     Attorneys for Plaintiff FLUMGIO
28                                   TECHNOLOGY, INC.

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

24
PLAINTIFF'S MEMORANDUM FOR DEFAULT JUDGMENT BY COURT

## PROOF OF SERVICE

1

I am employed in the County of Orange, State of California. I am over the age

2

of 18 and not a party to the within action; my business address is Ardent Law Group,
P.C., 4340 Von Karman Ave., Newport Beach, CA 92660.

3

On January 13, 2023, I served the foregoing document described as follows:

4

**PLAINTIFF FLUMGIO TECHNOLOGY, INC.'S APPLICATION FOR**

5

**DEFAULT JUDGMENT; MEMORANDUM OF POINTS AND**
**AUTHORITIES IN SUPPORT OF DEFAULT JUDGMENT BY COURT**

6

7

☒      BY USPS FIRST CLASS MAIL

8

MGM DISTRIBUTORS INC. c/o RAJVINDER MAHAY

9

5504 LILYVIEW WAY,
ELK GROVE, CA 95757; and

10

1600 RALEYS CT., STE. 40
WEST SACRAMENTO, CA 95691

11

12

RAJVINDER MAHAY

13

5504 LILYVIEW WAY,
ELK GROVE, CA 95757; and

14

1600 RALEYS CT., STE. 40
WEST SACRAMENTO, CA 95691

15

16

Executed on January 13, 2023 at Newport Beach, California.

17

☐ (State) I declare under penalty of perjury under the laws of the State of California

18

that the above is true and correct.

19

☒ (Federal) I declare that I am employed in the office of a member of the bar of this
court at whose direction the service was made.

20

21

David Yu_____          */s/ David Yu*_____

Type or Print Name                              Signature

22

23

24

25

26

27

28

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

PLAINTIFF'S MEMORANDUM FOR DEFAULT JUDGMENT BY COURT