Hubert Kuo (SBN 204036)
David Yu (SBN 276471)
Caixing Ma (SBN 323142)
ARDENT LAW GROUP
4340 Von Karman Ave., Ste 290
Newport Beach, CA 92660
Tel: (949) 299-0188
Fax: (949) 299-0127
Email: hkuo@ardentlawgroup.com
        dyu@ardentlawgroup.com
        mma@ardentlawgroup.com

Attorneys for Plaintiff FLUMGIO TECHNOLOGY, INC.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLUMGIO TECHNOLOGY, INC., a California corporation;<br><br>Plaintiff,<br><br>vs.<br><br>MGM DISTRIBUTORS, INC., a California corporation; RAJVINDER MAHAY, an individual, and DOES 1 through 10, inclusive.<br><br>Defendants. | Case No. 2:22-cv-1135-KJM-JDP<br>Assigned to:<br>Hon. Judge Kimberly J. Mueller<br>Hon. Mag. Judge Jeremy D. Peterson<br>Courtroom: 9, 13th Floor<br><br>**PLAINTIFF FLUMGIO TECHNOLOGY, INC.'S MOTION FOR DEFAULT JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFAULT JUDGMENT BY COURT**<br><br>***SEPARATELY SUBMITTED***<br>  1. **DECLARATION OF YUFAN LI IN SUPPORT FOR APPLICATION FOR DEFAULT JUDGMENT**<br>  2. **DECLARATION OF DAVID YU**<br>  3. **[PROPOSED] DEFAULT JUDGMENT**<br><br>**Hearing:**<br>**Date:**    April 20, 2023<br>**Time:**    10:00 a.m.<br>**Crtrm:**  9, 13th Floor |

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

i
PLAINTIFF'S MEMORANDUM FOR DEFAULT JUDGMENT BY COURT

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION…………………………………………………………..1

II.   FACTUAL BACKGROUND……………………………………………….1

   A. Plaintiff's Registered FLUM Design Mark
      (Reg. No. 6692431)…………………………………………………...1

   B. Defendants' Infringement of Plaintiff's Registered Mark………………2

   C. Plaintiff's Correspondence with Defendants Prior to
      Filing the Present Complaint……………………………………………7

   D. Alter Ego Relationship Between Defendants……………………………7

   E. Initiation of Action and Defendant's Failure to Respond………………8

III.  LEGAL ARGUMENT ………………………………………………….....9

   A. Satisfaction of Procedural Requirements…………………………………9

   B. Satisfaction of Substantive Legal Standards………………………….....10

   C. Plaintiff Is Entitled To Entry of Judgment For
      Federal Trademark Infringement and False Designation
      of Origin Under the Lantham Act, State Common Law
      Trademark Infringement, and California Unfair Competition……………11

      1.    Alter Ego Liability Against Defendants ………………………….13

         i.   There Exists a Sufficient Unity of Interest
              And Ownership To Support Alter Ego Liability ………………14

         ii.  Unless Alter Ego Liability Is Imposed, There
              Will be an Unjust And Inequitable Result……………………...15

         iii. As a Result of Alter Ego Liability Mahay Is Ultimately
              Liable for Trademark Infringement ………………………….16

   D.    Analysis of the *Eitel* Factors……………………………………….16

      1.    Prejudice to Plaintiff…………………………………………….17

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

## <u>TABLE OF CONTENTS</u>

**Page**

      2.  Plaintiff's Substantive Claims are Meritorious and

          the Sufficiency of Plaintiff's Complaint……………………………17

      3.  The Sum of Money at Stake in the Action ……………………………18

      4.  The Possibility of a Dispute Concerning Material Facts……………...18

      5.  Whether the Default Was Due to Excusable Neglect…………………19

      6.  Policy Favoring Decisions on The Merits ……………………………20

IV.     REMEDIES………………………………………………………………21

     A. Defaulting Defendants' Relevant Profits…………………………...…21

     B. Prejudgment Interest………………………………………………...23

     C. Attorney's Fees and Costs ……………………………………………23

     D. Permanent Injunction…………………………………………………25

V.      CONCLUSION…………………………………………………………26

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

PLAINTIFF'S MEMORANDUM FOR DEFAULT JUDGMENT BY COURT

1

## TABLE OF AUTHORITIES

2

**Cases**                                                                                                      **Pages**

*Academy of Motion Pictures v. Creative House Promotions, Inc.*
3            944 F.2d. 1446, 1457 (9th Cir. 1991) …………………………………..12

4
*Aldabe v. Aldabe*
5            616 F.2d 1089, 1092 (9th Cir. 1980)……………………………………11

6
*Arista Records, Inc. v. Beker Ent. Inc.*
7            298 F. Supp. 2d 1310, 1311-12 (S.D. Fla. 2003)………………………………11

8
*Bank of Montreal v. SK Foods, LLC*
9            476 B.R. 588, 597 (N.D. Cal. 2012)………………………………………...13, 14

10
*Board of Trustee of Cal. Metal Trades v. Pitchmeter Propeller*
11            1997 WL 797922, at *2 (N.D. Cal. 1997)…………………………………18

12
*Brookfield Communications, Inc. v. West Coast Entm't Corp.*
13            174 F.3d 1036, 1047 n. 8 (9th Cir. 1999)……………………………………11

14
*Century 21 Real Estate Corp. v. Sandlin*
15            846 F.2d 1175, 1180 (9th Cir. 1988)……………………………………25

16
*Cleary v. News Corp.*
17            30 F.3d 1255, 1262-1263 (9th Cir. 1994) …………………………………11

18
*Clifton v. Tomb*
19            21 F.2d 893, 897 (4th Cir. 1927) …………………………………………10

20
*Columbia Pictures Film Production Asia Ltd. v. Utah*
21            2007 WL 36283 (E.D. Cal. Jan. 4, 2007) …………………………………11

22
*Earthquake Sound Corp.v.  Bumper Indus.*
23            352 F.3d 1210, 1216 (9th Cir. 2003)………………………………………....24

24
*Eitel v. McCool*
25            782 F.2d 1470, 1471-1472 (9th Cir. 1986)………………………17, 18, 19, 20

26
*Elektra Enm't Group, Inc. v. Bryant*
27            No. CV 03-6381, 2004 WL 783123 at *2(C.D. Cal. Feb. 13, 2004)………...11

28

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

# TABLE OF AUTHORITIES

1

2

**Cases**                                                                                          **Pages**

3

*Geddes v. United Fin. Group*
4
    559 F.2d 557, 560 (9th Cir. 1977)……………………………………………10

5

*Gracie v. Gracie*
6
    217 F.3d 1060, 1068 (9th Cir. 2000)…………………………………………22

7

*Hiehle v. Torrance Millworks, Inc.*
8
    (1954) 126 Cal.App.2d 624, 629 …………………………………………13

9

*In re Roxford Foods, Inc.*
10
    12 F.3d 875, 879 (9th Cir. 1993)……………………………………………9

11

*Intel Corp. v. Terabyte Int'l, Inc.*
12
    6 F.3d 614, 620 (9th Cir. 1993)……………………………………………22

13

*Johnson v Connolly*
14
    2007 U.S. Dist. LEXIS 31721 at*8 (N.D. Cal. Apr. 18, 2007)…………....25

15

*Kingvision Pay-Per-view, Ltd. v. Rivers*
16
    2000 WL 356378, *1 (N.D. Cal. 2000)…………………………………10

17

*Levi Strauss & Co. v. Shilon*
18
    121 F.3d 1309, 1314 (9th Cir. 1997)………………………………………25

19

*Lindy Pen Co., Inc. v. Bic Pen Corp.*
20
    982 F.2d 1400, 1405 (9th Cir. 1993)………………………………………22

21

*M2 Software, Inc. v. Madacy Entertainment Corp.*
22
    421 F.3d 1073, 1080 (9th Cir. 2005)………………………………………12

23

*McLoughlin v. L. Bloom sons Co., Inc.*
24
    (1962) 206 Cal.App.2d 848, 851…………………………………………..13

25

*Mesler v Bragg Management Co.*
26
    (1985) 39 Cal.3d 290, 300……………………………………………………15

27

*Most Worshipful Sons v. Sons Etc. Lodge*
28
    (1958) 160 Cal.App.2d 560, 565-566 …………………………………..13

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

v
PLAINTIFF'S MEMORANDUM FOR DEFAULT JUDGMENT BY COURT

# TABLE OF AUTHORITIES

**Cases**                                                                **Pages**

*Newhouse v. Probert*
   608 F. Supp. 978, 985 (W.D. Mich. 1985) …………………………………..10

*PanPacific Sash & Door Co. v. Greendale Park, Inc.*
   (1958) 166 Cal.App.2d 652……………………………………………….13

*PepsiCo, Inc. v. California Security Cans*
   238 F.Supp.2d 1172, 1177 (C.D. 2002)……………………………………...20

*Philip Morris v Shalabi*
   352 F. Supp.2d 1067, 1072 (C.D. Cal. 2004)…………………………….…...11

*Philip Morris USA. Inc. v. Castworld Products, Inc.*
   219 F.R.D. 494, 498 (C.D. Cal. 2003)…………………………….21, 23, 24, 26

*Playboy Enters., Inc. Baccarat Clothing Co.*
   692 F.2d 1272, 1274 (9th Cir. 1982)………………………………………….22

*Polo Fashion, Inc. v. Dick Bruhn, Inc.*
   793 F.2d 1132, 1135-36……………………………………………………….25

*Reebok Int'l, Ltd. Marnatech Enter., Inc.*
   970 F.2d 552, 559 (9th Cir. 1992)…………………………………………….22

*Robbins v Blecher,*
   (1997) 52 Cal.App.4th 886, 892 …………………………………………...13

*Shanghai Automation Instrument Co. v. Kuei*,
   194 F.Supp.2d 995, 1005 (N.D. Cal. 2001) …………………………………19

*Taylor v. Newton*
   (1953) 117 Cal.App.2d 752, 757 …………………………………………….13

*Taylor Made Golf Co. v. Carsten Sports*
   175 F.R.D. 658, 663 (S.D. Cal. 1997) ……………………………………….24

*Televideo Sys., Inc. v. Heidenthal*
   826 F.2d 915, 917-918 (9th Cir. 1987)……………………………………..10, 17

PLAINTIFF'S MEMORANDUM FOR DEFAULT JUDGMENT BY COURT

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

# <u>TABLE OF AUTHORITIES</u>

1

2

**Cases**                                                                                           **Pages**

3

*Walters v. Statewide Concrete Barrier, Inc.*
   2006 WL 2527776, at *4 (N.D. Cal. 2006)……………………………17, 20

4

5

*Wilson v Moore & Assoc., Inc.*
   564 F.2d 366, 368 (9th Cir. 1977)………………………………………..9

6

7

*Wood v Elling Corp.*
   (1977) 20 Cal.3d 353, 365, fn.9……………………………………………15

8

9

*Zoran Corp. v. Chen*
   (2010)185 Cal.App.4th 799, 811-812………………………………...14

10

11

## <u>Rules</u>

12

Federal Rules of Civil Procedure 54(c)…………………………………………..21

13

Federal Rules of Civil Procedure 55 (a)………………………………………...9

14

Federal Rules of Civil Procedure 55(b)(2)……………………………………9, 11

15

16

## **Statutes**

17

15 U.S.C. §1052(d)………………………………………………………...6

18

15 U.S.C. §1114 ………………………………………………11, 12, 25

19

15 U.S.C. §1114(1)………………………………………………………12

20

15 U.S.C. § 1116(a)……………………………………………………….25

21

15 U.S.C. § 1117(a)………………………………………21, 22, 23, 24, 25

22

15 U.S.C. § 1125(c)(5)…………………………………………………….24

23

Servicemembers
   50 U.S.C. app. §§ 501 et seq……………………………………………..9

24

California Business and Professions Code § 17200…………………………...8, 11

25

California Business and Professions Code §17500, et seq …………………………8

26

27

28

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

PLAINTIFF'S MEMORANDUM FOR DEFAULT JUDGMENT BY COURT

# <u>TABLE OF AUTHORITIES</u>

1

2

**Pages**

3

<u>**Secondary Sources**</u>

4

*Schwarzer, W., et al.*, *California Practice Guide*

5

*Federal Civil Procedure Before Trial*; 6:42 (2000)………………………………...10

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

PLAINTIFF'S MEMORANDUM FOR DEFAULT JUDGMENT BY COURT

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiff FLUMGIO TECHNOLOGY, INC. ("Flumgio" and/or "Plaintiff") respectfully submits this Memorandum of Points and Authorities in support of its application for default judgment against each of defaulted defendants MGM DISTRIBUTORS, INC. ("MGM") and RAJVINDER MAHAY ("Mahay") (collectively, "Defendants") for infringing upon Plaintiff's registered trademark relating to vaping devices.  Plaintiff seeks **$12,432.30** in damages for trademark infringement; prejudgment interest in the amount of **$718.01**; attorney's fees in the amount of **$13,900**; costs in the amount of **$945.60**; and a permanent injunction against Defendants.  Plaintiff seeks in award in the total amount of $27.998.91.

## II.    FACTUAL BACKGROUND

### A. Plaintiff's Registered FLUM Design Mark (Reg. No. 6692431)

Plaintiff is a highly successful company which sells products relating to certain nicotine and vapor delivery system products.  *Complaint* ¶ 12; *Declaration of Yufan Li In Support of Application for Default Judgment* ("*Li Decl.*"), ¶ 3.

Plaintiff is the owner of rights in the design mark FLUM in connection with electronic cigarette liquid (e-liquid) comprised of flavorings in liquid form, other than essential oils, used to refill electronic cigarette cartridges; electronic cigarette liquid (e-liquid) comprised of propylene glycol; electronic cigarette liquid (e-liquid) comprised of vegetable glycerin; electronic cigarettes; chemical flavorings in liquid form used to refill electronic cigarette cartridges; liquid nicotine solutions for use in electronic cigarettes sold in connection therewith (collectively, "Plaintiff's Goods"), including United States Trademark Registration no. 6692431 filed on April 20, 2021, registered on April 5, 2022, with the first use in commerce date of at least as early as February 9, 2021 (referred to as the registered mark "FLUM").  *Complaint* ¶ 13; *Li Decl.*, ¶ 4: Exhibit 1.

PLAINTIFF'S MEMORANDUM FOR DEFAULT JUDGMENT BY COURT

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

1    Specifically, Plaintiff's design mark for FLUM is described as a stylized
2    design comprised of the word, FLUM, against a solid rectangle with a small triangle
3    cutout towards the upper right side.  *Complaint* ¶ 14; *Li Decl.*, ¶ 5.



4
5
6
7
8
9    Plaintiff has continuously used FLUM in commerce in the United States in
10   connection with Plaintiff's Goods since at least as early as February 9, 2021, and is
11   currently using FLUM in United States commerce in connection with Plaintiff's
12   Goods.  *Complaint* ¶ 15; *Li Decl.*, ¶ 6: Exhibit 2.
13   Plaintiff has devoted substantial time, effort, and resources to the development
14   and extensive promotion of FLUM and the products offered thereunder.  As a result
15   of Plaintiff's efforts, the public has come to recognize and rely upon FLUM as an
16   indication of the high quality associated with Plaintiff's vaping-related products.
17   *Complaint* ¶ 16; *Li Decl.*, ¶ 7.
18   As a result of Plaintiff's long-term and widespread use of FLUM in the United
19   States via internet, print advertising, and continuous and unsolicited media coverage,
20   FLUM enjoys a high degree of consumer recognition.  *Li Decl.*, ¶ 8.
21   PLAINTIFF'S mark FLUM is inherently distinctive.
22   **B. Defendants' Infringement of Plaintiff's Registered Mark**
23   Defendant MGM is located in West Sacramento, California.  Defendant
24   Rajvinder Mahay is the chief executive officer of MGM and reside in Elk Grove,
25   California.  *Complaint* ¶¶ 2-3; *Yu Decl.*, ¶¶ 16:Exhibit 5.
26   In or around May of 2022, Plaintiff obtained a MGM invoice which sold
27   "FLUM RUSSIAN CREAM 3000 PUFFS"; "FLUM HONEYDEW MELON
28   3000PUFFS"; and "FLUM GUMMY BEAR 10CT".  *Complaint* ¶ 19; *Li Decl.*, ¶ 9.

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

2
PLAINTIFF'S MEMORANDUM FOR DEFAULT JUDGMENT BY COURT

1     Likewise, Plaintiff obtained images of the aforementioned products with the

2  alleged FLUM mark which were sold by MGM:

3

4                (photo of a box of Russian Cream Flum Float)



14                (photo of a box of Gummy Bear Flum Float)



ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

3
PLAINTIFF'S MEMORANDUM FOR DEFAULT JUDGMENT BY COURT

(photo of a box of Honeydew Melon Flum Float)



*Complaint* ¶ 20; *Li Decl.*, ¶ 10: Exhibit 3.

But, Plaintiff does not produce products with the Russian Cream, Honeydew Melon, and Gummy Bear flavor (the "Counterfeit Products"), but the products bear the same exact design mark as Flumgio's registered design mark for FLUM. Plaintiff never consented and/or authorized Defendants to use the FLUM mark. Plaintiff never licensed any rights to Defendants for the use of the FLUM mark. The Counterfeit Products designed, manufactured, sourced, distributed, marketed, promoted, offered for sale, and sold by Defendants are not manufactured by Plaintiff. Nor is Defendant associated, affiliated, or connected with Plaintiff, or licensed, authorized, sponsored, endorsed, or approved by Plaintiff in any way. *Complaint* ¶ 21; *Li Decl.*, ¶ 11.

As such, the products from MGM are counterfeit products using Plaintiff's registered FLUM mark. *Complaint* ¶ 22; *Li Decl.*, ¶ 12.

Defendant is producing marketing, distributing, offering for sale, and selling in interstate commerce vaping products bearing Plaintiff's FLUM mark. *Complaint* ¶ 23; *Li Decl.*, ¶ 13.

As noted, the design mark used on the counterfeit products are exactly the same as the registered mark by Plaintiff. The counterfeit mark is NOT similar, but

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

4

PLAINTIFF'S MEMORANDUM FOR DEFAULT JUDGMENT BY COURT

exactly the same, down to the unique elongation details within Plaintiff's design FLUM mark.

<u>Plaintiff's Registered Mark (Left)</u>        <u>Defendant's Counterfeit Mark (Right)</u>



As Plaintiff's direct competitor, Defendant is offering the Counterfeit Products to the same consumers as Plaintiff and Defendant's Counterfeit Products are sold next to or near Plaintiff's products in overlapping channels of trade. *Complaint* ¶ 24; *Li Decl.*, ¶ 14.

Given that Defendants' utilized Plaintiff's FLUM mark down to the same details, Defendant had knowledge of Plaintiff's FLUM mark when it designed, manufactured, distributed, marketed, promoted, offered for sale, and sold the Counterfeit Products. Defendants intentionally adopted and used the same exact mark, knowing that the FLUM mark would mislead and deceive consumers into believing that Defendant's vaping products were produced, authorized, or licensed by Plaintiff, or that the vaping products originated from Plaintiff. *Complaint* ¶ 25; *Li Decl.*, ¶ 15.

Plaintiff used its FLUM mark extensively and continuously before DEFENDANT began: (i) using the FLUM mark on vaping products or (ii) designing, distributing, marketing, promoting, offering for sale, and selling the Counterfeit Products. *Complaint* ¶ 26; *Li Decl.*, ¶¶ 9-13.

Defendant's activities are likely to cause confusion before, during and after the time of purchase because purchasers, prospective, purchasers, and other viewing Defendant's Counterfeit Products at the point of sale or used by a consumer are

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

5
PLAINTIFF'S MEMORANDUM FOR DEFAULT JUDGMENT BY COURT

likely – due to Defendant's use of confusingly similar imitation of Plaintiff's FLUM mark – to mistakenly attribute the footwear to Plaintiff. By causing a likelihood of confusion, mistake, and deception, Defendant is inflicting irreparable harm on the goodwill symbolized by Plaintiff's FLUM mark and the reputation for quality that it embodies. *Complaint* ¶ 27; *Li Decl.*, ¶¶ 13-14.

It is imperative that Plaintiff polices its own brand and maintain the quality of products associated with the FLUM brand. Throughout the years, Plaintiff built its brand on high quality and stylish vaping products, including the unique design and flavor of the products. As an inherent nature of vaping devices, there are risks in overheating and device failures. These risks are more likely to occur if the manufacturers are the ones without any relevant qualifications and certifications. The risks of products liabilities are much higher in the counterfeit products. *Li Decl.*, ¶ 15.

In addition, distributors of counterfeit products are prone to abandon faulty counterfeit products and more important, abandon the brand associated with the faulty and defective products. Nonetheless, the liability will fall onto the true owner of the brand, despite the owner never authorizing or distributing any of the counterfeit products. Even worse, the consumers will associate the defective products bearing the true owner's mark. In the same way, Defendants' sales of the Counterfeit Products will necessarily undermine and ultimately destroy Plaintiff's image and public confidence in Plaintiff across all channels. *Li Decl.*, ¶ 16.

As a result of Plaintiff's prior rights, in the nature of earlier use dates in commerce in the United States for FLUM, Defendants' use of the counterfeit products is likely to cause confusion, mistake or deception with respect to the source and origin of goods offered by Plaintiff and goods offered by Defendants under their respective marks, and confusion as to sponsorship, affiliation or relation between Plaintiff and Defendants under 15 § USC 1052(d). *Complaint* ¶ 28;

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

PLAINTIFF'S MEMORANDUM FOR DEFAULT JUDGMENT BY COURT

If Defendants are permitted to continue to use the FLUM mark, despite this likelihood of confusion, Plaintiff's rights in and to its mark FLUM in connection with Plaintiff's goods will be impaired and Plaintiff will be damaged. *Complaint ¶ 29.*

### C. Plaintiff's Correspondence with Defendants Prior to Filing the Present Complaint

On May 18, 2022, Plaintiff served to Defendants with a cease and desist letter, demanding that Defendants cease the use of Plaintiff's FLUM mark (the "Letter"), mailed via USPS certified mail. *Complaint ¶ 30. Declaration of David Yu In Support of Application for Court's Default Judgment* ("*Yu Decl.*"), ¶ 3: Exhibit 4.

The Letter demanded that Defendants respond to Plaintiff's demands by May 27, 2022. Defendants never provided any response to Plaintiff's Letter, within the timeframe provided. *Complaint ¶¶ 31-32. Yu Decl.*, ¶ 4.

Defendant continues to use the FLUM mark in connection with the sale of vaping products that directly compete with vaping products offered by Plaintiff. Defendant began selling the Counterfeit Products well after Plaintiff established protectable rights in its FLUM mark. *Complaint ¶ 33. Li Decl.*, ¶¶ 3, 5, 9-11.

Defendant knowingly, willfully, intentionally, and maliciously adopted and used a confusingly similar imitation of PLAINTIFF'S FLUM mark. *Complaint ¶ 34.*

### D. Alter Ego Relationship Between Defendants

As alleged in the Complaint, MGM has not been treated as a separate entity such that MGM should be deemed the alter ego of Mahay and Mahay should be deemed the alter ego of MGM. *Complaint ¶¶ 7-8.*

Specifically, there exists a unity of interest and ownership between the MGM and Mahay such that any individuality and separateness between them have ceased and that each defendant is the alter ego of the others. *Complaint ¶ 7.* Mahay, who is the sole and controlling interest owner of MGM, failed to maintain separate corporate existence of MGM. *Complaint ¶ 7.* Mahay carried on his business and

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

7

PLAINTIFF'S MEMORANDUM FOR DEFAULT JUDGMENT BY COURT

1   was so inadequately capitalized that, compared with the business to be done by

2   MGM, and the risks of loss, its capitalization was illusory. *Complaint* ¶ 7. Mahay

3   completely controlled, dominated, managed and operated MGM and comingled the

4   assets of MGM to suit the convenience of Mahay and to evade payment of the

5   obligations owed to creditors of MGM. *Complaint* ¶ 7.

6       Adhering to the fiction of the separate existence of MGM and Mahay would

7   permit an abuse of the corporate privilege, sanction fraud, and promote injustice.

8   *Complaint* ¶ 8. Moreover, each of the Defendants was the partner, agent, and/or

9   employee of each of the remaining Defendants and was acting within the purpose

10  and scope of such partnership, agency, and employment. *Complaint* ¶¶ 5-6.

11  **E. Initiation of Action and Defendant's Failure to Respond**

12      On June 29, 2022, Plaintiff filed its Complaint against Defendants MGM

13  Distributors, Inc. ("MGM") and Rajvinder Mahay ("Mahay") for the following four

14  (4) causes of action: (1) Federal Trademark Infringement; Federal Unfair

15  Competition and False Advertising; (3) Common Law Trademark Infringement; and

16  Unfair Competition and False Advertising Under Cal. Bus. & Prof. Code §§ 17200

17  and 17500, et seq. *Yu Decl.*, ¶ 5;  [Dkt No. 1].

18      On June 30, 2022, the Court issued the Summons for Plaintiffs' Complaint. *Yu*

19  *Decl.*, ¶ 6; [Dkt No. 3].

20      On July 13, 2022, Defendants MGM and Rajvinder Mahay were personally

21  served at 1600 Raleys Ct, Suite 40, West Sacramento, CA 95691 (the "Raleys

22  Address") by leaving the Summons and Complaint with its agent of service of

23  process Rajvinder Mahay. *Yu Decl.*, ¶¶ 7-8; [Dkt No. 12 & 13].

24      None of the Defendants served Plaintiff with a response, answer or pleading to

25  Plaintiffs' Complaint by August 3, 2022. *Yu Decl.*, ¶¶ 9-10

26      After filing an Application for Request for Entry of Default against

27  Defendants, on August 17, 2022, the Court entered default against Defendants MGM

28  and Mahay. *Yu Decl.*, ¶¶ 11-12; [Dkt No. 14 & 15].

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

8
PLAINTIFF'S MEMORANDUM FOR DEFAULT JUDGMENT BY COURT

On August 23, 2022, Defendants emailed Plaintiff's attorney David Yu ("Mr. Yu"), directly.  On August 29, 2022 and September 6, 2022, Mr. Yu responded to Defendants' email, but Defendants never responded back, nor did Defendants ever file an Answer to Plaintiff's Complaint.  *Yu Decl.*, ¶ 13: Exhibit 5.

## III.   LEGAL ARGUMENT

### A.   <u>Satisfaction of Procedural Requirements</u>

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise," default judgment may be entered."  Federal Rules of Civil Procedure ("FRCP") 55 (a). FRCP 55(b)(2) establishes certain procedural requirements, which the Plaintiffs have more than satisfied.

Plaintiffs effected service of the Summons and the Complaint on Defendants in or around July 13, 2022.  Each defaulted Defendant failed to respond to the Complaint.  Accordingly, on August 17, 2022, the Clerk entered the default of each of the defaulted Defendants. *Yu Decl. ¶10*. None of the defaulted Defendants have appeared in this action, none have moved to set aside the Clerk's default, and none of the defaulted Defendants are minors or incompetent persons or in the military service or otherwise exempted under the Servicemembers Civil Relief Act of 1940; none of the defaulted Defendants has filed any pending bankruptcy proceeding.  *Yu Decl. ¶¶ 12-13*.

Unless a defendant has made an appearance in an action, a defendant is not entitled to notice of a motion for entry of default judgment.  *FRCP* 55(b)(2); *In re Roxford Foods, Inc.* 12 F.3d 875, 879 (9th Cir. 1993) ("[N]otice [pursuant to Rule 55(b)(2)] is only required where the party has made an appearance."); *Wilson v Moore & Assoc., Inc.,* 564 F.2d 366, 368 (9th Cir. 1977) (affirming trial court's denial of motion to set aside default judgment where defendant did not receive notice of motion; "No party in default is entitled to [FRCP] 55(b)(2) notice unless he has 'appeared' in the action").  Defendants have not appeared in the present action. Thus,

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

1    defaulted Defendants are not entitled to this notice of this Motion. Nonetheless,

2    Plaintiff will give the defaulted Defendants timely notice of this Motion, by service

3    of this Motion.  By providing such notice, however, Plaintiff does not intend to

4    waive its rights to have the Court rule on this Motion without any appearance by or

5    input from defaulted Defendants.

6         Defaulted Defendants are also prohibited from opposing or present[ing]

7    evidence in opposition to this Motion.  *Schwarzer, W., et al.*, *California Practice*

8    *Guide, Federal Civil Procedure Before Trial*; 6:42 (2000) (*citing Clifton v. Tomb,* 21

9    F.2d 893, 897 (4th Cir. 1927)) ("When a party is in default … the party himself has

10   lost his standing in court, cannot appear in any way, cannot adduce any evidence, and

11   cannot be heard at the final hearing."); *Newhouse v. Probert,* 608 F. Supp. 978, 985

12   (W.D. Mich. 1985) (*citing Clifton,* 21 F.2d at 897 (4th Cir. 1927)).

13        Based on the now established allegations of the Complaint and the

14   Declarations of David Yu and Yufan Li, and the other evidence submitted herewith,

15   Plaintiff has satisfied the procedural conditions of Rule 55(b).  As now discussed,

16   Plaintiff satisfies the substantive requirements for entry of default judgment as well.

17        **B.    Satisfaction of Substantive Legal Standards**

18        For purposes of a default judgment, the well-plead allegations of the complaint

19   are taken as true. *Televideo Sys., Inc. v. Heidenthal,* 826 F.2d 915, 917-918 (9th Cir.

20   1987); *see also Kingvision Pay-Per-view, Ltd. v. Rivers,* 2000 WL 356378, *1 (N.D.

21   Cal. 2000) ("Generally, upon an entry of default, the factual allegations of the

22   plaintiff's complaint will be taken as true.".  If the court determines that a defendant

23   is in default, the defendants liability is collectively established and the factual

24   allegations in the complaint, except those relating to the *amount* of damages, are

25   accepted as true. *Geddes v. United Fin. Group,* 559 F.2d 557, 560 (9th Cir. 1977)

26   (emphasis added).

27        Where the factual allegations of the complaint provide a sufficient legal basis

28   for entry of a default judgment, the court then conducts an inquiry to ascertain the

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

10
PLAINTIFF'S MEMORANDUM FOR DEFAULT JUDGMENT BY COURT

amount of damages. *See Columbia Pictures Film Production Asia Ltd. v. Utah,* 2007 WL 36283 (E.D. Cal. Jan. 4, 2007); *see also Arista Records, Inc. v. Beker Ent. Inc., 298* F. Supp. 2d 1310, 1311-12 (S.D. Fla. 2003).  The power to grant or deny relief upon an application for default judgment is within the discretion of the Court. *Aldabe v. Aldabe,* 616 F.2d 1089, 1092 (9th Cir. 1980).  However, "default judgments are more often granted than denied." *Elektra Enm't Group, Inc. v. Bryant*, No. CV 03-6381, 2004 WL 783123 at *2(C.D. Cal. Feb. 13, 2004).  In determining damages, the Court can properly rely on declarations submitted by the plaintiff.  F.R.C.P. 55(b)(2).

C.    **Plaintiff Is Entitled To Entry of Judgment For Federal Trademark Infringement and False Designation of Origin Under the Lantham Act, State Common Law Trademark Infringement, and California Unfair Competition**

Plaintiff's first two claims are for trademark infringement and false designation of origin under the Lanham Act.  15 U.S.C. §§ 1114, 1125.  In the present case, as in many trademark infringement cases, the essential elements of these two federal claims are identical.  *Brookfield Communications, Inc. v. West Coast Entm't Corp.*, 174 F.3d 1036, 1047 n. 8 (9th Cir. 1999) (noting that infringement and false designation of origin claims are often identical, except that false designation of origin claims protect both registered and unregistered trademarks and can protect a wider range of practices, such as false advertising).  Further, the federal claims, if met with adequate evidence, are also sufficient to establish Defendants liability under the state law for unfair competition.  *Cleary v. News Corp.*, 30 F.3d 1255, 1262-1263 (9th Cir. 1994) ("This Circuit has consistently held that state common law claims of unfair competition and actions pursuant to California Business and Professions Code $ 17200 are 'substantially congruent' to claims made under the Lanham Act."); *Philip Morris v Shalabi*, 352 F. Supp.2d 1067, 1072 (C.D. Cal. 2004) (noting the identity between the essential elements and

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

11
PLAINTIFF'S MEMORANDUM FOR DEFAULT JUDGMENT BY COURT

standard applied to three distinct claims of federal trademark infringement, federal false designation of origin, and state unfair competition).

Therefore, as these three claims, the Court need only focus on the legal merits of the claim for federal trademark infringement. Analyzing the merits of the infringement claim is sufficient because the standard of infringement, i.e., the likelihood of confusion, is essentially implicated in the remaining federal and state cause of action. *M2 Software, Inc. v. Madacy Entertainment Corp.*, 421 F.3d 1073, 1080 (9th Cir. 2005) ("The test of trademark infringement under state, federal, and common law is whether there will be a likelihood of confusion."); *see also Academy of Motion Pictures v. Creative House Promotions, Inc.*, 944 F.2d. 1446, 1457 (9th Cir. 1991) (holding that under both federal trademark infringement and state unfair competition statutes, the "ultimate test" is whether a likelihood of confusion exists) (internal quotations omitted).

To prove a claim of trademark infringement under 15 U.S.C. §1114, a plaintiff must show that: (1) it owns the trademark at issue; (2) the defendant has used in commerce, without authorization, a copy, reproduction counterfeit or colorable imitation of the plaintiff's mark in connection with the sale, distribution, or advertising of goods and services; and (3) defendants' use of the mark is likely to cause confusion or to cause mistake or to deceive. 15 U.S.C. §1114(1). Here, Plaintiff alleges all of the facts necessary to establish trademark infringement by defaulting Defendants. Plaintiff owns the FLUM registered design mark which has been continually used for products relating to vaping. *Li Decl.*, ¶¶ 3-5: **Exhibit 1;** Complaint, ¶¶ 13-15. Each of the defaulting Defendants has used Plaintiff's mark or variations of them without authorization, down to the very last detail of the FLUM design mark. *Li Decl.*, ¶¶ 9-14: **Exhibit 3;** Complaint, ¶¶ 19-22. Furthermore, defaulting Defendants' use of Flumgio's mark is "likely to cause confusion before, during and after the time of purchase because purchasers, prospective purchasers, and other viewing Defendants' Counterfeit Products at the point of sale or used by a

PLAINTIFF'S MEMORANDUM FOR DEFAULT JUDGMENT BY COURT

consumer are likely … to mistakenly attribute the [product]*sic* to Plaintiff." *Li Decl.*, ¶ 17; Complaint, ¶ 27.  Given the factual allegations alleged in Plaintiff's Complaint as true, this Court should find that Plaintiff has established claims for trademark infringement, false designation, common law trademark infringement, and California unfair competition.

### 1. Alter Ego Liability Against Defendants

"Ordinarily, a corporation is regarded as a legal entity separate and distinct from its stockholders, officers and directors." *Robbins v Blecher,* (1997) 52 Cal.App.4th 886, 892.  "Under the alter ego doctrine, …, a court may disregard the corporate entity." *Id.* at 892.

The purpose behind the alter ego doctrine is to prevent defendants who are the alter egos of a sham corporation from escaping personal liability for its debts.  *Hiehle v. Torrance Millworks, Inc.* (1954) 126 Cal.App.2d 624, 629.  The devise of disregarding the corporate entity is applicable whether the alter ego is an individual or corporation.  *McLoughlin v. L. Bloom sons Co., Inc.* (1962) 206 Cal.App.2d 848, 851; *see also, PanPacific Sash & Door Co. v. Greendale Park, Inc.* (1958) 166 Cal.App.2d 652.

A claim against a defendant, based on the alter ego theory, is not itself a claim for substantive relief, e.g., breach of contract or to set aside a fraudulent conveyance, but rather, procedural, i.e., to disregard the corporate entity as a distinct defendant and to hold the alter ego individuals liable on the obligations of the corporation where the corporate form is being used by the individuals to escape personal liability, sanction a fraud, or promote injustice.  *Taylor v. Newton* (1953) 117 Cal.App.2d 752, 757; *Most Worshipful Sons v. Sons Etc. Lodge* (1958) 160 Cal.App.2d 560, 565-566.

To establish a party as the alter ego of a corporation, the applicant must show '(1) that there [is] such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist and (2) that, if the acts are treated as those of the corporation alone, an inequitable result will follow.'" *Bank of*

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

1    *Montreal v. SK Foods, LLC*, 476 B.R. 588, 597 (N.D. Cal. 2012). Both factors are

2    necessary for a Court to impose alter ego liability. *Id.*

3       The misdeed need not be fraud: the "second requirement turns on an

4    inequitable result and not on actual fraud." *Linco Servs., Inc. v. DuPont*, 239

5    Cal.App.2d 841, 844.

6       There is a unity of interest between Mahay, and MGM such that the separate

7    personalities of MGM and Mahay no longer exist because Mahay stated that he is the

8    owner of MGM. If the acts of Mahay were treated solely as MGM, an inequitable

9    result will result, as it is unclear as to whether MGM is still in business or not. It is

10    likely that MGM is judgment proof.

### i. There Exists a Sufficient Unity of Interest And Ownership To Support Alter Ego Liability

13       In the evaluation of the first factor, courts consider whether: (i) the individual

14    owns all of the stock in a corporation; (ii) the individual uses the same office or

15    business location; (iii) the individual has commingled funds and other assets of the

16    corporation; (iv) the individual holds themselves out as personally liable for debts of

17    the corporation; (v) there are identical directors and officers/managers; (vi) there has

18    been a failure to maintain minutes or adequate corporate record; (vii) there has been a

19    disregard of corporate formalities; (viii) there is an absence of corporate assets and

20    inadequate capitalization; and (ix) the corporation has been used as a mere shell,

21    instrumentality or conduit for the business of an individual. *Zoran Corp. v. Chen*

22    (2010) 185 Cal.App.4th 799, 811-812. This list is not exhaustive, and these

23    enumerated factors may be considered with others under the particular circumstances

24    of each case. *Id.* at 812 (stating, "No single factor is determinative, and instead a

25    court must examine all the circumstances to determine whether to apply the

26    doctrine.)

27       Here, there are ample grounds to impose alter ego liability against Mahay.

28    The MGM is owned, controlled and operated by Mahay (i.e. common ownership and

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

14
PLAINTIFF'S MEMORANDUM FOR DEFAULT JUDGMENT BY COURT

control).  Likewise, Mahay is the directors and/or officer of MGM.  Mahay has failed to provide to Plaintiffs any of the necessary corporate documents for MGM (i.e. failure to maintain corporate record).  Complaint, ¶ 3, 7; *Yu Decl.*, ¶ 16: Exhibit 6.

Moreover, the Complaint includes the following allegations, which are deemed true by operation of law as a result of Defendants defaults: (i) Mahay is the partner, agent, and/or employee of MGM, and was at all times acting within the purpose and scope of such partnership, agency and employment.; (ii) there exist a unity of interest and ownership between Defendant Mahay, on the one hand, and MGM, on the other hand, such that any individual separateness between Mahay, on the one hand, and MGM, on the other hand, have cease to exist and Defendant Mahay is the alter ego of MGM;  (iii) MGM is the shell, instrumentality and conduit through which Mahay carried on his business and was so inadequately capitalized that, compared with the business to be done by MGM, and the risks of loss, its capitalization was illusory; and (iv) Mahay completely controlled, dominated, managed and operated MGM and commingled the assets of each to suit the convenience of Mahay and to evade payment of the obligations owed to creditors of MGM.  Complaint, ¶¶ 6-8.

Based on the foregoing, there is sufficient unity of interest and ownership between each of the Defendants such that the separate personalities of Defendants no longer exists.

### ii.  Unless Alter Ego Liability Is Imposed, There Will be an Unjust And Inequitable Result.

The second requirement for application of alter ego doctrine is a finding that adherence to the fiction of the separate existence of the corporation would sanction a fraud or promote injustice.  *Wood v Elling Corp.* (1977) 20 Cal.3d 353, 365, fn.9. The test for this requirement is that if the acts are treated as those of the corporation alone, it will produce an unjust or inequitable result.  *Mesler v Bragg Management Co.* (1985) 39 Cal.3d 290, 300.

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

As alleged in the Complaint, whose allegations are deemed to be true, adhering to the fiction of the separate existence of MGM and from Mahay "would permit an abuse of the corporate privilege, sanction fraud, and promote injustice." Complaint ¶ 8. Defendant MGM previously filed a Statement of Information No Chang on March 30, 2021. *Yu Decl.*, ¶ 16: Exhibit 6. MGM failed to file a Statement of Information in 2022. *Yu Decl.*, ¶ 17. As of today, MGM has not filed an updated Statement of Information with the California Secretary of State. *Yu Decl.*, ¶ 18: Exhibit 7. This indicates that MGM may no longer be an operating corporation. *Yu Decl.*, ¶ 19. If Plaintiff was permitted a judgment only against MGM, it would be uncollectable as these companies were purposefully left without sufficient cash flow or assets for themselves. Allowing Mahay, who used his company as a shell and profited from its abuse of the corporate form, to escape liability would constitute an abuse of the corporate privilege, sanction fraud, and promote injustice.

### iii. As a Result of Alter Ego Liability Mahay Is Ultimately Liable for Trademark Infringement.

As each of the Defendants is the alter ego of the others, Mahay should be liable to MGM's obligations to Plaintiffs. As set forth above, MGM infringed upon Flumgio's registered trademark, by selling counterfeit goods with the FLUM design mark. As a result of the alter ego liability, Plaintiff is entitled to judgment against each of the Defendants on trademark infringement claims.

### D. Analysis of the *Eitel* Factors

The Ninth Circuit has enumerated several factors the Court should consider in deciding whether to grant an application for default judgment: the possibility of prejudice to the plaintiff, the merits of the plaintiff's substantive claim, the sufficiency of the complaint, the sum of money at stake in the action, the possibility of a dispute concerning material facts, whether the default was due to excusable neglect, and the strong policy underlying the Federal Rules of Civil Procedure

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 250
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

1  favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-1472 (9th

2  Cir. 1986). In considering the above factors, the Court takes all factual allegations in

3  the Complaint as true, except for those relating to the damages. *See TeleVideo*

4  *Systems, Inc. v Heidenthal*, 826 F.2d 915, 917-918 (9th Cir. 1987).

5      Application of the facts in this matter to the *Eitel* factors warrant entry of a

6  default judgment in favor of Plaintiff.

7      **1. Prejudice to Plaintiff**

8      Under the first *Eitel* factor, the Court must first examine whether Plaintiff will

9  suffer prejudice if default judgment is not granted. *Eitel, supra*, 782 F.2d at 1471-

10  1472.

11     In light of the fact that the Defendants in this case have not defended

12  themselves in this action or otherwise responded to Plaintiff's Complaint, absent a

13  default judgment, Plaintiff will not be compensated for its losses and will

14  accordingly be prejudiced. Moreover, if this Court does not enter a default judgment

15  against Defendants, in light of their failure to defend this action, it will set a

16  precedent effectively allowing trademark infringers to infringe upon an owner's

17  mark and reap the benefit of other's goodwill, the rightful owners of the marks, who

18  expend sufficient funds for marketing and promotion, suffer damages from the

19  infringing parties, and further harm Plaintiff by precluding it any ability to enforce its

20  rights and try to collect on a default. Accordingly, this first *Eitel* factor, the

21  possibility of prejudice to the Plaintiff, weighs in favor of granting a default

22  judgment.

23     **2. Plaintiff's Substantive Claims are Meritorious and the Sufficiency of**

24        **Plaintiff's Complaint**

25     The second *Eitel* factors addresses the sufficiency of Plaintiff's complaint and

26  the probability of its success on the merits of its underlying claims. Walters v.

27  Statewide Concrete Barrier, Inc., 2006 WL 2527776, at *4 (N.D. Cal. 2006) ("A

28  party seeking default judgment must state a valid claim upon which it may recover.")

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

17
PLAINTIFF'S MEMORANDUM FOR DEFAULT JUDGMENT BY COURT

1  This factor weighs in favor of granting a default judgment in favor of Plaintiff and

2  against Defendants.

3       Plaintiff has alleged four (4) causes of action in its Complaint against

4  Defendants, where Plaintiff seeks default judgment on the following four: (1) Federal

5  Trademark Infringement; (2) Federal Unfair Competition and False Designation; (3)

6  Common Law Trademark Infringement; and (4) California Unfair Competition and

7  False Advertising.  There is no question that Plaintiff has properly alleged and shown

8  its registered trademark and identified the counterfeit products that Defendants have

9  sold.  Plaintiff has properly alleged trademark infringement against Defendants.  The

10  claims are meritorious and sufficient.

## 3.  The Sum of Money at Stake in the Action

12       The third *Eitel* factor assesses the reasonableness of the potential award if a

13  default judgment is entered against the defaulting Defendants.  In making this

14  assessment, the Court must take into account the amount of money at stake in

15  relation to the seriousness of the defendant's conduct.  *Eitel, supra*, 782 F.2d at 1471.

16  If the sum of money at issue is reasonably proportionate to the harm caused by the

17  defendant's actions, properly documented and contractually justified, then default

18  judgment is warranted.  *Board of Trustee of Cal. Metal Trades v. Pitchmeter*

19  *Propeller*, 1997 WL 797922, at *2 (N.D. Cal. 1997).

20       At this time, Plaintiff does not have a proper accounting of its damages from

21  Defendants.  It is Plaintiff's understanding that Defendants are not large distributors

22  of vaping products, and thus, do not expect the damages to be excessive.  The sum of

23  money will likely be relatively modest and reasonably calculated based on infringing

24  products at issue, as well as the attorneys' fees.  The Court should find that this

25  factor is in favor of Plaintiff.

## 4.  The Possibility of a Dispute Concerning Material Facts

27       The fourth Eitel factor considers the possibility of dispute as to any material

28  facts of the case.  As defaulting Defendants have not filed any response(s) to

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

PLAINTIFF'S MEMORANDUM FOR DEFAULT JUDGMENT BY COURT

Plaintiff's Complaint, a dispute concerning material facts is unlikely. Further as discovered above, Plaintiff has sufficiently alleged facts necessary to maintain its claim for relief under the Lanham Act and California law.

Here, the issue that Defendant has infringed upon Plaintiff's registered mark is undisputed. Defendants' counterfeit products bear the same mark as Plaintiff's registered mark, down to the very last detail. Plaintiff has verified that it does not sell the products nor have they authorized Defendants to use their mark. *Li Decl.*, ¶ 11.

The Defendants might somehow contend, as a defense, that they had some justification for selling products infringing upon Plaintiff's registered trademark. But, the Defendants never appeared and defended on the merits so no such imaginary defense has ever been asserted. The Defendants refuse to appear and defend likely because they know, understand, and appreciate that they lack any legitimate or honest good faith defense to Plaintiff's claims. Even without Defendants' testimony, the fact remains that Defendants' products are counterfeit and the marks infringe upon Plaintiff's registered mark. Moreover, the fact that they were issued a cease and desist letter prior to the start of litigation and yet, still continue to sell the infringing products, only demonstrate that Defendants knowingly continue to sell the counterfeit products. These are undisputed facts.

### 5. Whether the Default Was Due to Excusable Neglect

The fifth *Eitel* factor contemplates the possibility that defaulting Defendants' failure to respond or otherwise appear was the result of excusable neglect. Under this analysis, the Court considers whether Defendants were put on adequate notice to apprise them of the pendency of the action brought against them. *Castworld Products,* 219 F.R.D. at p. 500. In addition, the Court also considers whether the circumstances surrounding Defendants' failure to answer the complaint are sufficient to excuse or justify its default. *Shanghai Automation Instrument Co. v. Kuei*, 194 F.Supp.2d 995, 1005 (N.D. Cal. 2001) (default cannot be attributed to excusable

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

19
PLAINTIFF'S MEMORANDUM FOR DEFAULT JUDGMENT BY COURT

1   neglect where defendants were properly served with the complaint, the notice of

2   entry of default, and the papers in support thereof).

3       There is no evidence that there is any excusable neglect by Defendants MGM

4   and/or Mahay.  Moreover, it appears that MGM has failed to file a current Statement

5   of Information and may in fact be suspended by the California Secretary of State.  *Yu*

6   *Decl.*, ¶ 16: Exhibit 6.

7       More importantly, Defendants have contacted Plaintiff as to receipt of the

8   Summons and Complaint.  Defendants are aware of this case and yet, have refused to

9   file an Answer to the Complaint.  *Yu Decl.*, ¶ 13: Exhibit 5.  Defendants were served

10  with the Application for Entry of Default Against Defendants.  *Yu Decl.*, ¶ 11 [Dkt

11  No. 14].  Plaintiff will serve, via U.S.P.S first class mail, Defendants with this

12  Application for Default Judgment, along with all supporting documents and exhibits.

13  *Yu Decl.*, ¶ 35.

14      **6.  Policy Favoring Decisions on The Merits**

15      Under the sixth and final *Eitel* factor, the Court must consider the strong

16  policy of the federal courts in favoring decisions on the merits.  However, this policy

17  is not dispositive; rather the Court still has great latitude in exercising its discretion

18  with regards to the relative weight of the remaining *Eitel* factors.  *PepsiCo, Inc. v.*

19  *California Security Cans*, 238 F.Supp.2d 1172, 1177 (C.D. 2002).  Furthermore, the

20  "defendant's failure to answer the plaintiff's complaint makes decision on the merits

21  of a case impractical, if not impossible."  Id.  As a consequence, the policy of

22  favoring decisions on the merits does not necessarily preclude a court from granting

23  a default judgment when the defendant fails to respond.  *Walters*, 2006 WL 2527776,

24  at *6.

25      While it is correct that there is a policy favoring decisions on the merits, it pre-

26  supposes both parties cooperating and appearing.  Defendants have refused to

27  participate in the proceedings brought against them, despite adequate notice and

28

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

20
PLAINTIFF'S MEMORANDUM FOR DEFAULT JUDGMENT BY COURT

1    opportunity to do so.  Where the parties do not answer or otherwise refuse to appear

2    and address the litigation, the only fair approach is to enter the default judgment.

### IV.    REMEDIES

4    Plaintiff is required to prove all damages sought in the Complaint.  FRCP

5    54(c); *see also Philip Morris USA. Inc. v. Castworld Products, Inc.*, 219 F.R.D. 494,

6    498 (C.D. Cal. 2003).  In determining damages, a court can rely on the declarations

7    submitted by plaintiff or order a full evidentiary hearing.  *F.R.C.P.* 55 (b)(2).

8    Plaintiff's burden in "proving up" damages in a default application is relatively

9    flexible.  *See Philip Morris*, 219 F.R.D. at 498.  In this instance, Plaintiff seeks

10   **$12,432.30** in damages for trademark infringement; prejudgment interest in the

11   amount of **$718.01**; attorney's fees in the amount of **$13,900**; costs in the amount of

12   **$945.60**; and a permanent injunction against Defendants.  Plaintiff seeks in award in

13   the total amount of $27.998.91.

### A.    Defaulting Defendants' Relevant Profits

15   Plaintiff elects damages based on Defendants' damages, and as such, seeks

16   damages in the amount of $12,432.30 and prejudgment interest in the amount of

17   $718.01.

18   15 U.S.C. § 1117(a) states in part:

19   The court shall assess such profits and damages or cause the same to

20   be assessed under its direction.  In assessing profits the plaintiff shall

21   be required to prove defendant's sales only; defendant must prove all

22   elements of cost or deduction claimed.  **In assessing damages the**

23   **court may enter judgment, according to the circumstances of the**

24   **case, for any sum above the amount found as actual damages, not**

25   **exceeding three times such amount.**  If the court shall find that the

26   amount of the recovery based on profits is either inadequate or

27   excessive the court may in its discretion enter judgment for such sum

28   as the court shall find to be just, according to the circumstances of the

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

case.  Such sum in either of the above circumstances shall constitute compensation and not penalty.  The court in exceptional cases may award reasonable attorney fees to the prevailing party.  *Emphasis added*.

 "Section 35 of the Lanham Act, 15 U.S.C. § 1117(a), governs the award of monetary remedies in trademark infringement cases and provides for an award of defendant's profits, any damages sustained by the plaintiff, and the costs of the action." *Lindy Pen Co., Inc. v. Bic Pen Corp.*, 982 F.2d 1400, 1405 (9th Cir. 1993). Thus, an award of defaulting Defendants' profits is available to Plaintiff.  However to recover damages, "plaintiff must prove both the fact and amount of damage." *Id.* at 1407; *see also Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 620 (9th Cir. 1993). Such relief is authorized by the Lantham Act and equity and is entirely appropriate and necessary here.

Courts regularly authorize disgorgement of an infringer's relevant profits under section 1117(a) as a measure of a trademark plaintiff's damages, especially when the infringements, as here, were willful.  Indeed the Ninth Circuit Court of Appeals "has announced a deterrence policy in response to trademark infringement and will grant an account of profits in those cases where infringement yields financial rewards." *Playboy Enters., Inc. Baccarat Clothing Co.* 692 F.2d 1272, 1274 (9th Cir. 1982); *see also Gracie v. Gracie*, 217 F.3d 1060, 1068 (9th Cir. 2000); *Lindy Pen Co. v. Bic Pen Co.*, 982 F.2d 1400, 1406 (9th Cir. 1993); *Reebok Int'l, Ltd. Marnatech Enter., Inc.*, 970 F.2d 552, 559 (9th Cir. 1992).

Furthermore, § 1117(a) also states, "[i]n assessing profits the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed.   Plaintiff has provided the proof in assessing Defendants' profits.  Defendants' has failed to provide any elements of cost or deductions claimed. The Court should not apply any deductions to Plaintiff's accounting of Defendant's profits.

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

22
PLAINTIFF'S MEMORANDUM FOR DEFAULT JUDGMENT BY COURT

Plaintiff calculates damages in the amount of $4,145.10.  In accordance to 15 U.S.C. § 1117(a), "[i]n assessing damages the court may enter judgment, according to the circumstances of the case, for any sum above the amount found as actual damages, not exceeding three times such amount."  The allegations of defaulting Defendants knowingly, willfully, intentionally, and maliciously used imitations or variations of Plaintiff's marks, and their apparent disregard of the proceedings in this Court.  Complaint ¶ 34, 41.  Defendants wrongfully used Plaintiff's mark to increase its sales at the expense of Plaintiff.  As such, the Court should assess damages to Plaintiff for three times Defendants' calculated profits, in the amount of **$12,622.50**. *Yu Decl.*, ¶ 21: Exhibit 8 & 9.

**B.    Prejudgment Interest**

With regards to prejudgment interest, 15 U.S.C. § 1117(b) states in part:

In such a case, the court may award prejudgment interest on such amount at an annual interest rate established under section 6621(a)(2) of title 26, beginning on the date of the service of the claimant's pleadings setting forth the claim for such entry of judgment and ending on the date such entry is made, or for such shorter time as the court considers appropriate.

As such, in accordance to 15 U.S.C. § 1117(b), Plaintiff is entitled to prejudgment interest against Defendants.

The proper rate of interest for prejudgment interest is 7.5 % per annum.  The states directs Plaintiff to 26 U.S.C. § 6621(a)(2) which states:

(2) UNDERPAYMENT RATE

The underpayment rate established under this section shall be the sum of –

(A) The Federal short-term rate determined under subsection (b), plus

(B) 3 percentage points.

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

23
PLAINTIFF'S MEMORANDUM FOR DEFAULT JUDGMENT BY COURT

In accordance to the IRS, the Short-term applicable federal rate for March 2023 is 4.50%. As such, with the addition of 3 percentage points, the prejudgment interest rate is 7.50% (4.50% + 3%). *Yu Decl.*, ¶ 23: Exhibit 10.

Plaintiff served both Defendants on July 13, 2022. [Dkt No. 12 & 13]. Plaintiff anticipates that judgment will be entered on April 20, 2023 at its hearing for Plaintiff's Motion for Default Judgment. As such there are 281 days between July 13, 2022 and April 20, 2023.

Plaintiff calculates based on damages for trademark infringement in the amount of $12,435.00. Thus, Pre-judgment interest, on this claim specifically, and the Complaint generally, is calculated as follows:

|  | $12,435.00 |
|---|---|
| x | 7.50% (Rate of Prejudgment Interest) |
| ÷ | 365 days/year |
| x | 281 days (Number of days from date of service of summons and complaint (July 13, 2022) to date of entry of judgment (April 20, 2023) |

---

**$718.01**

*Yu Decl.*, ¶¶ 22-23.

### C.    Attorney's Fees and Costs

Under 15 U.S.C. §§ 1117(a) and 1125(c)(5), the Court in exceptional trademark infringement cases may award reasonable attorney fees and costs to the prevailing party. A trademark case is exceptional where the defendant acted maliciously, fraudulently, deliberately, or willfully. *Earthquake Sound Corp. v Bumper Indus.*, 352 F.3d 1210, 1216 (9th Cir. 2003). On a motion for default judgment, allegations of willfulness are deemed true and, further, a trademark defendant's failure to appear alone warrants a finding that the case is "exceptional" for the purpose of determining entitlement to attorneys' fees. *See, e.g., Philip Morris USA, Inc. v. Castworld Prods.*, 219 F.R.D. 494, 502 (C.D. Cal. 2003); *Taylor Made*

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

24
PLAINTIFF'S MEMORANDUM FOR DEFAULT JUDGMENT BY COURT

1    *Golf Co. v. Carsten Sports*, 175 F.R.D. 658, 663 (S.D. Cal. 1997); *Johnson v*

2    *Connolly*, 2007 U.S. Dist. LEXIS 31721 at*8 (N.D. Cal. Apr. 18, 2007).

3        Accordingly, the Court should find the present case is exceptional based both

4    on the allegations of defaulting Defendants knowingly, willfully, intentionally, and

5    maliciously used imitations or variations of Plaintiff's marks, and their apparent

6    disregard of the proceedings in this Court. Complaint ¶ 34, 41. Thus, an award of

7    attorney's fees and costs is justified. Accordingly, under section 1117 (a) and the

8    authorities cited above, Plaintiff is entitled to recover reasonable attorneys' fees from

9    Defendants. Furthermore, section 1117(a) provides that prevailing trademark

10   plaintiffs such as Flumgio "shall be entitled" to recover its costs. This Court should

11   permit Plaintiff to submit documentation so that it may substantiate the

12   reasonableness of attorney's fees and costs.

13       In accordance to Local Rule 293, Plaintiff will be the prevailing party in this

14   matter. As previously stated, given that this is an exceptional case under section

15   1117(a), Plaintiff will be entitled to attorneys' fees and costs.

16       Plaintiff asks that the Court grant reasonable attorneys' fees in the amount of

17   **$13,900.00** and costs in the amount of **$945.60**. *Yu Decl.*, ¶¶ 24-34.

18   **D.    Permanent Injunction**

19       Under the Lanham Act, the Court may grant an injunction "according to

20   principles of equity" to remedy violations of a trademark owner's rights under §§

21   1114 and 1125, and to prevent the recurrence of such violations 15 U.S.C. § 1116(a).

22       Indeed, "[i]njunctive relief is the remedy of choice for trademark and unfair

23   competition cases, since there is no other adequate remedy at law for the injury

24   caused by a defendant's continuing infringement." *Century 21 Real Estate Corp. v.*

25   *Sandlin*, 846 F.2d 1175, 1180 (9th Cir. 1988). Moreover, to be entitled to a

26   permanent injunction, Plaintiff is not required to show that Defendants "are likely to

27   infringe again." *Polo Fashion, Inc. v. Dick Bruhn, Inc.*, 793 F.2d 1132, 1135-36; see

28   also *Levi Strauss & Co. v. Shilon*, 121 F.3d 1309, 1314 (9th Cir. 1997). "If the

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

25

PLAINTIFF'S MEMORANDUM FOR DEFAULT JUDGMENT BY COURT

1  defendants sincerely intend not to infringe, the injunction harms them little; if they

2  do, it gives [Plaintiff] substantial protection of its trademark." *Polo Fashions, supra*,

3  793 F.2d 1132, at 1136.

4      Furthermore, injunctive relief is available in the default judgment setting.

5  *Philip Morris USA, Inc*, 219 F.R.D. 494. at p. 502.

6      Here, Plaintiffs' Complaint specifically alleges that Defendants' actions cause

7  it irreparable harm and unless enjoined from using Plaintiff's mark will continue to

8  do so. *Complaint*, ¶ 37, 42. Considering that defaulting Defendants are aware of the

9  serious claims brought against them and have chosen not to respond, the Court

10  should find that the proposed injunctive relief is appropriate and failure to grant the

11  injunction would expose Plaintiff to the risk of continuing irreparable harm.

12  **V.    CONCLUSION**

13      Plaintiff seeks **$12,432.30** in damages for trademark infringement;

14  prejudgment interest in the amount of **$718.01**; attorney's fees in the amount of

15  **$13,900**; costs in the amount of **$945.60**; and a permanent injunction against

16  Defendants. Plaintiff seeks in award in the total amount of $27.998.91.

17      For the foregoing reasons, Plaintiff respectfully requests a default judgment

18  against Defendant MGM Distributors, Inc. and Rajvinder Mahay.

19

20                          Respectfully Submitted,

21  Dated: March 16, 2023      ARDENT LAW GROUP, P.C.

22                  By:   */s/ David Yu*
23                        Hubert H. Kuo
                          David Yu
24                        Caixing Ma
                          Attorneys for Plaintiff FLUMGIO
25                        TECHNOLOGY, INC.

26

27

28

### PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is Ardent Law Group, P.C., 4340 Von Karman Ave., Newport Beach, CA 92660.

On March 16, 2023, I served the foregoing document described as follows:

**PLAINTIFF FLUMGIO TECHNOLOGY, INC.'S APPLICATION FOR DEFAULT JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFAULT JUDGMENT BY COURT**

☒    BY USPS FIRST CLASS MAIL

MGM DISTRIBUTORS INC. c/o RAJVINDER MAHAY
1600 RALEYS CT., STE. 40
WEST SACRAMENTO, CA 95691

RAJVINDER MAHAY
1600 RALEYS CT., STE. 40
WEST SACRAMENTO, CA 95691

Executed on March 16, 2023 at Newport Beach, California.

☐ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.
☒ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Janet Struck_____         _/s/ Janet Struck___
Type or Print Name                              Signature

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

27
PLAINTIFF'S MEMORANDUM FOR DEFAULT JUDGMENT BY COURT