Hubert Kuo (SBN 204036)
David Yu (SBN 276471)
Caixing Ma (SBN 323142)
ARDENT LAW GROUP
4340 Von Karman Ave., Ste 290
Newport Beach, CA 92660
Tel: (949) 299-0188
Fax: (949) 299-0127
Email: hkuo@ardentlawgroup.com
       dyu@ardentlawgroup.com
       mma@ardentlawgroup.com

Attorneys for Plaintiff FLUMGIO TECHNOLOGY, INC.

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FLUMGIO TECHNOLOGY, INC., a California corporation;<br><br>     Plaintiff,<br><br>vs.<br><br>MGM DISTRIBUTORS, INC., a California corporation; RAJVINDER MAHAY, an individual, and DOES 1 through 10, inclusive.<br><br>     Defendants. | Case No. 2:22-cv-1135-KJM-JDP<br><br>**CONSENT ORDER AND PERMANENT INJUNCTION** |

This Consent Order and Permanent Injunction ("Consent Order") is entered into by and between Plaintiff Flumgio Technology, Inc. ("Flumgio") and defendants MGM Distributors, Inc. ("MGM") and Rajvinder Mahay ("Mahay") (collectively "Defendants"), subject to approval by the Court.

**WHEREAS**, Plaintiff Flumgio is the owner of the U.S. Trademark Registration No. 6,692,431 for the FLUM® trademark (the "Registered Trademark") for use in connection with (among other things) electronic cigarette liquid, chemical

flavoring, liquid nicotine, and electronic cigarettes, listed in International Class 34;

**WHEREAS,** Flumgio imports, offers for sale, and sells its FLUM® branded products in the United States, including products covered by its Registered Trademark;

**WHEREAS**, Flumgio has accused defendant MGM of infringing the Registered Trademark by selling certain counterfeit FLUM vaping products;

**WHEREAS**, on June 29, 2022, Flumgio commenced this action (the "Action") alleging claims for, *inter alia*, federal trademark infringement, federal unfair competition and false advertising, common law trademark infringement unfair competition under California Business and Professions Code § 17200 for Defendants' sale of counterfeit vaping products that infringe the Registered Trademark;

**WHEREAS**, in an attempt to settle this matter amicably and to avoid the expense and distraction of protracted litigation, Plaintiff and Defendants have agreed to entry of this Consent Order;

**WHEREAS**, this Court, being fully advised in the premises, finds that there is good cause for the entry of this Consent Order and that there is no just reason for delay; and

**WHEREAS**, this Consent Order shall finally conclude and dispose of this Action as to the parties to this Consent Order pursuant to Federal Rules of Civil Procedure 54, 58, and 65, and this Consent Order shall be entitled to issue preclusion and claim preclusion effect.

This Court therefore enters this Consent Order, together with all findings of fact and conclusions of law herein, and final judgment providing for a permanent injunction.

**IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

1.   Defendants consent to entry of this Consent Order.

2. Defendants affirm that they have reviewed and agreed to this Consent Order voluntarily, and that no promise or threat of any kind has been made by Flumgio, or any officer or employee of Flumgio, to induce it to consent to entry of this Consent Order.

3. Defendants affirm that they were represented by legal counsel in connection with the negotiation of this Consent Order.

4. Flumgio is the owner of all right, title, and interest in and to the Registered Trademark.

5. MGM, and its officers, directors, shareholders, members, managers, employees, agents, successors, assigns, representatives, affiliates, subsidiaries, including Mahay, and all other persons and organizations in active concert or participation with any of the foregoing, hereby acknowledge the validity and enforceability of the Flumgio's rights in the Registered Trademark and Defendants' infringement of the Registered Trademark.

6. MGM is a direct competitor to Flumgio and has purchased, sold, and/or offered for sale in the United States the counterfeit FLUM vaping products that are the subject of the complaint filed by Flumgio in this Action.

7. This Court has subject matter jurisdiction over the Action and this Consent Order pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 and 1367.

8. Defendants admit that service of the summons and Complaint in this Action was proper.

9. Defendants admit that this Court has personal jurisdiction over them with respect to the Action and this Consent Order.

10. Defendants admit that venue for this Action properly lies with this Court.

11. Defendants waive the entry of findings of fact and conclusions of law in this Action pursuant to Rule 52 of the Federal Rules of Civil Procedure, except as to

Case 2:22-cv-01135-KJM-JDP   Document 41   Filed 08/09/23   Page 4 of 7

the facts recited and/or stipulated to in this Consent Order.

12. Defendants consent to the continued jurisdiction of this Court for the purpose of enforcing the terms and conditions of this Consent Order and the settlement agreement, which has been filed together with this Consent Order, and for any other purposes relevant to this Action.

13. MGM represents that:
   a) Mahay is the only principal and/or member having an ownership interest in, and/or [who] can control, MGM at the time this Consent Order was stipulated to;
   b) MGM currently has zero (0) units of accused counterfeit FLUM vaping products;
   c) MGM does not have any accused counterfeit FLUM vaping products currently in its possession custody or control;
   d) No new counterfeit FLUM vaping products are being purchased by MGM;
   e) No counterfeit FLUM vaping products will be shipped, or are currently being shipped, to MGM;
   f) MGM has ceased all use of the Registered Trademark.

14. Notwithstanding the waiver in Paragraph 11 herein, The parties agree Flumgio has suffered and/or continues to suffer irreparable injury to its business, its FLUM® trademark, and their respective goodwill, from Defendants' directly competitive sales of the counterfeit FLUM vaping products. Flumgio will suffer further irreparable injury in the future, should Defendants' conduct not be enjoined as set forth in this Consent Order, as Defendants could at any time recommence with its infringing activity. Accordingly, monetary damages alone are inadequate to remedy this injury.

15. Considering the balance of hardships, an injunction is warranted.

3

Flumgio has an exclusive right to exclude granted by its right to protect the reputation and goodwill of its FLUM® trademark and FLUM® branded products. MGM also offers non-infringing alternative products. As such, the burden on MGM is diminished, and not outweighed by Flumgio's rights to protect its intellectual property and goodwill.

16. The Court finds that the public interest would not be disserved by a permanent injunction, as Flumgio continues to offer its FLUM® branded, MGM intends to offer non-infringing alternative products, and the products are not related to, nor impact, public health and safety.

17. In light of the foregoing, the Court holds that the entry of the permanent injunction in this Consent Order is appropriate.

18. Effective as of the date this Consent Order is entered by the Court, Defendants, their officers, directors, shareholders, members, managers, employees, agents, successors, assigns, representatives, affiliates, subsidiaries, and all other persons and organizations in active concert or participation with any of the foregoing, are permanently enjoined and restrained from engaging in any sale of any counterfeit products baring the FLUM® brand and/or mark.

19. Defendants expressly recognize and acknowledge that a violation or breach by them of any of the injunctions, requirements, representations, covenants, conditions, agreements, or undertakings in this Consent Order will cause Flumgio irreparable harm which cannot be adequately calculated or remedied solely in money damages in an action at law, thereby entitling Flumgio to immediate injunctive relief and an order compelling performance, in addition to any other remedy to which Flumgio may be entitled at law, including a finding of contempt for violation of this Consent Order, and to an award of Flumgio's reasonable attorneys' fees and costs incurred in enforcing this Consent Order, together with pre-judgment and post-judgment interest on any money damages awarded to or collected by Flumgio.

20. Defendants shall comply with the terms of the parties' settlement agreement which is filed herewith this Consent Order. *See* ECF No. 40.

21. The Parties shall bear their own costs, expenses, and attorneys' fees as they relate to this Action, except for the costs, expenses, and attorneys' fees provided for in Paragraph 5.5 of the settlement agreement, ECF No. 40, if they become applicable and are incurred by Flumgio in connection with its enforcement of this Consent Order and/or the parties' settlement agreement.

22. This Consent Order constitutes a final judgment concerning the subject matter of this Action.

23. Defendants waive any right to appeal from this Consent Order.

24. This Court shall retain continuing jurisdiction over the persons and entities identified in this Consent Order and over the subject matter of this Consent Order, Flumgio's complaint, and the parties' settlement agreement to ensure compliance and performance with the terms of this Consent Order and to modify the Consent Order as justice so requires.

IT IS SO STIPULATED AND CONSENTED TO:

Dated: July ___, 2023

By: /s/ _____
David Yu, Esq. (SBN 276471)
ARDENT LAW GROUP, P.C.

Attorneys for Plaintiff
FLUMGIO TECHNOLOGY, INC.

/s/ _____
Christopher J. Fry, Esq. (SBN 298874)
FRY LAW CORPORATION

Attorneys for Defendant MGM
DISTRIBUTOR, INC.

ORDER

With minor modifications, the court approves the parties' consent order and permanent injunction.

IT IS SO ORDERED:

DATED: August 9, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE